194 So.2d 649 (1967)
Thomas F. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 7031.
District Court of Appeal of Florida. Second District.
February 3, 1967.
Joseph F. McDermott, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., for appellee.
*650 LILES, Acting Chief Judge.
Appellant, defendant in the trial court, appeals from judgment and sentence entered pursuant to a jury verdict finding him guilty of resisting arrest. Defendant assigns as error for our consideration certain allegedly prejudicial statements made by the prosecuting attorney during his argument to the jury and the trial judge's refusal of defendant's request to make his own closing argument to the jury.
Defendant was apprehended by Fred A. Miller, a police officer of the City of Clearwater. After being stopped, defendant jumped from his automobile, ran from the police officer, fell, and was overtaken by Officer Miller. Defendant then succeeded in taking Officer Miller's nightstick from him and further resisted arrest.
At defendant's trial, the state presented one witness, Officer Miller. Defendant did not testify, nor did he offer any other evidence. During closing argument to the jury, the Assistant State Attorney made the following statement:
"Now let's talk about the word `violence' one minute. What is violence? Violence does not mean that we have to enter into Court a mutilated, dismembered, cut-up, or dead police officer. That's not what the word `violence' means, and you see if Judge Smith any time tells you the law is that he has got to be bruised or cut or dead before violence has its application in this case. It just means if I push one of you all, I've pushed you with violence.
That's different from just bumping into somebody. If I walk up and I push you down, you don't think that's violence? Of course, it's violence. We don't have to  we are not required to  thank God we are not required to bring a dead police officer to justify resistance."
We do not believe this statement constituted a prejudicial remark to the jury. Defendant relies upon Stewart v. State, 51 So.2d 494 (Fla. 1951) among other cases, in support of his contentions. While we do not disagree with the law enunciated in that case, we do not believe the language quoted above carries the same connotations as the language in Stewart v. State, supra. This question is therefore resolved in favor of the state.
As for defendant's contentions regarding the trial judge's refusal to allow him to make his own closing statement, the facts appear to be as follows. Defendant did not testify nor did he put on any other evidence. In view of this, the trial judge announced that defendant would be entitled to both opening and closing final argument to the jury. Defendant's attorney made the opening final argument. The state argued next, and at the close of the state's remarks, defendant's attorney announced the defendant personally would make the closing argument, to which the state objected. After some discussion, the trial judge refused to allow this, and defendant's attorney then made the closing argument.
Defendant relies primarily on Section 11, Declaration of Rights, Florida Constitution, F.S.A., which provides in part:
"In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both * * *."
Defendant appears to contend that this provision secures to him, as a matter of right, the opportunity to address the jury even though represented by counsel.
It has been held in jurisdictions such as Florida which have a constitutional provision entitling the accused to be heard by himself, or counsel, or both, that the right of the defendant to speak for himself when represented by counsel is subject to restriction by the trial court in the exercise of its power to prescribe the manner in which the trial will proceed. 23 C.J.S. Criminal Law § 979(4). See also Leahy v. State, 111 Tex.Cr.R. 570, 13 S.W.2d 874 *651 (1928), and Foster v. State, 148 Tex.Cr.R. 372, 187 S.W.2d 575 (1945). Section 10 of the Texas Bill of Rights, Vernon's Ann.St. provides in part that an accused "* * * shall have the right of being heard by himself or counsel, or both * * *." It has also been observed in various circumstances involving various constitutional provisions that a defendant who is represented by counsel has no absolute right to address the jury, but the matter is one properly subject to the exercise of sound discretion by the trial court. See Annot. 77 A.L.R.2d 1233 and cases cited therein; and 21 Am.Jur.2d, Criminal Law, § 311.
In United States v. Foster, D.C., 9 F.R.D. 367 (D.C.N.Y. 1949), the court commented:
"* * * One of the fundamental rights of defendants in criminal cases is the right to counsel. But the alleged absolute right, irrespective of the attendant circumstances, to dismiss counsel and carry on pro se is quite a different proposition. If such were the law, there would be a fertile field in which defendants in criminal cases could operate to frustrate justice and, under the aegis of an alleged constitutional or other right, resort to every bedevilment of the court and jury that the ingenuity of man could devise.
"Thus, even in jurisdictions where a defendant may be heard `in person, by attorney, or both', Ga.Const. Art. I, Sec. I, Par. IV (1945), courts have discretion to decide how defendant and counsel will conduct the case, Loomis v. State, 1948, 78 Ga. App. 153, 51 S.E.2d 13, 20-21, and may regulate the defendant's right to be heard, to maintain order, prevent unnecessary consumption of time or other undue delay, to maintain the dignity and decorum of the court and to accomplish a variety of other ends essential to the due administration of justice, which are so various as to make it both unnecessary and unwise to attempt to specify and enumerate them all. * * *" 9 F.R.D. at 372.
In the instant case the trial judge did not abuse his discretion in refusing defendant permission to argue before the jury, nor was defendant deprived of due process by this action.
The judgment and sentence appealed is therefore affirmed.
KANNER (Ret.), J., concurs.
PIERCE, J., dissents.