206 So.2d 47 (1968)
Joseph POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 811.
District Court of Appeal of Florida. Fourth District.
January 22, 1968.
W.D. Frederick, Jr., Public Defender, Orlando, and Joseph Powell, in pro. per., for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., Vero Beach, for appellee.
*48 WALDEN, Chief Judge.

ON MOTION FOR A COPY OF APPELLEE'S BRIEF, AND TIME TO FILE REPLY
This motion was filed in propria persona by defendant-appellant, Joseph Powell.
The defendant was tried and found guilty of murder in the second degree. The public defender was duly directed to represent the indigent defendant on appeal. It appears that the appellate process has been tracked. The public defender has filed the appellant's brief and the state has filed its brief in response.
However, defendant, claiming a right to represent himself independently and in addition to the efforts being expended on his behalf by the public defender, filed his separate brief. In other words, defendant contends that he is entitled both to be represented by the public defender and to be represented by himself, in propria persona, "* * * reserving the right to let his counsel perfect those points in the brief prepared by counsel, if counsel so desires." He rests this contention on Section 11, Declaration of Rights, Florida Constitution, F.S.A.
This contention has been answered as concerns procedures in Florida trial courts. The rule is that a defendant represented by counsel has no absolute right to participate and represent himself and that the matter is subject to the exercise of sound discretion by the trial courts.[1]
We believe the rule to be sound and equally applicable and needed in the appellate courts of this state. Absent some compelling reason reflected in an application for permission and absent this court's consent for an appellant to represent himself and to be also represented by counsel, we believe that a party on appeal represented by counsel has no right, in propria persona, to file additional briefs and appellate papers. To permit this would clearly interfere with the time schedules and the filing and service of papers. Such practice would frustrate and confuse the appellate process and administration of justice.
It appearing that defendant is being adequately and effectively represented by counsel, it is ordered that:
1. Appellant's in propria persona brief filed on October 31, 1967, is stricken sua sponte.
2. Appellant's in propria persona motion for a copy of appellee's brief, and time to file reply is denied.
McCAIN and REED, JJ., concur.
NOTES
[1] Thompson v. State, Fla.App. 1967, 194 So.2d 649. See also 77 A.L.R.2d 1233.