362 So.2d 292 (1978)
Cameron TAIT, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2412.
District Court of Appeal of Florida, Fourth District.
June 28, 1978.
Rehearing Denied October 11, 1978.
*293 Richard L. Jorandby, Public Defender, James L. Eisenberg, Asst. Public Defender, West Palm Beach, and Linda L. Hagerty, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky and Glenn H. Mitchell, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Judge.
Article I Section 16 of the Florida Constitution provides that every accused shall have the right to be heard in person, by counsel or both. Notwithstanding, the trial court denied the appellant's pro se motion, before trial, to act as co-counsel at his trial for second degree murder. We reverse.
We are not convinced that we like the result in this case, but we cannot ignore the plain unequivocal language of our constitutional provision which says:
"In all criminal prosecutions the accused shall ... have the right ... to be heard in person, by counsel OR BOTH." Art. I § 16 Fla. Const. (emphasis supplied.)
We recognize and approve of the result in Thompson v. State, 194 So.2d 649 (Fla. 2nd DCA 1967) and Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968), where both courts interpreted the very same constitutional phrase "or both" to not grant an absolute right to both, but a right subject to the equal power of a trial court, in its discretion, to prescribe the manner in which a trial shall proceed.
We agree and find it intolerable that a defendant should be given the ability to disrupt a trial by competing with his own competent counsel, whenever he chooses. As the trial court observed in the case at bar, it sought to avoid turning the trial into a "roman circus." However, while we agree with the results of the above cited cases, we are hard put to explain what appears to be two perfectly plain English words "or both," however regrettable the result.
Accordingly, we are of the opinion that a defendant's motion filed before trial, requesting permission to take part in his own defense should be granted, subject, however, to the continuing power of the trial judge to prescribe the manner in which the trial will later proceed, Thompson, supra. The spectacle of frequent interruption by the defendant, duplicating and/or countermanding his counsel or disrupting the proceedings should not be tolerated. Nevertheless, if a defendant at the outset wishes to participate personally and in an orderly manner, we feel he must in some fashion be permitted to do so  subject to our stated limitations.
We recognize that this Opinion may appear to, in part, recede from our ruling in Powell, supra, but the Powell case was decided before the United States Supreme Court ruling in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) in which this latter court said:
The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be informed of the nature and cause of the accusation... . Although not stated in the amendment in so many words, the right to self-representation  to make one's own defense personally  is thus necessarily implied by the structure of the Amendment."[1]
From the above quoted excerpt, we are convinced that a defendant's personal right to participate is not satisfied merely because he has counsel, if he chooses to exercise that personal right, prior to the commencement *294 of the trial. We are persuaded that his choice must be made prior to trial, by the additional language in Faretta, supra, indicating "... that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas. This allocation can only be justified, however, by the defendant's consent, AT THE OUTSET, to accept counsel as his representative." (Citations omitted.) (at page 2534, emphasis supplied.)
We interpret the outset referred to, to be the outset of the trial itself. In the case at bar, the motion to act as co-counsel was filed prior to the commencement of trial and accordingly should have been granted, subject to the limitations herein set forth.
There remains the nagging question of how far the defendant must be permitted to participate, if he specifically elects to act as co-counsel prior to trial. This problem is immediately apparent, because there is no point in so appointing the accused if he cannot actively participate. However, at any time the defendant does participate, the trial judge should particularly guard against permitting him greater largesse than any counsel, or co-counsel, would enjoy. For example, a defendant may, in effect, testify under the guise of acting as co-counsel. He must not be permitted to do this and yet exercise his 5th Amendment rights thus circumventing cross-examination.
We are also of the opinion that it was error for the trial court to fail to hold a sanity hearing pursuant to Fla.R.Crim.P. 3.210 to determine the accused's competence to stand trial. Said rule requires such a hearing if during trial there is reasonable ground to believe the defendant to be mentally incompetent. In the case at bar there was sufficient testimony and reports by the court ordered psychiatrists to raise such a reasonable doubt. Accordingly, under the above cited rule and under the authority of Fowler v. State, 255 So.2d 513 (Fla. 1971) a hearing to determine the defendant's mental condition should have been held.
REVERSED AND REMANDED FOR A NEW TRIAL.
ANSTEAD, J., and MINER, CHARLES E., Jr., Associate Judge, concur.
NOTES
[1] The Sixth Amendment to the United States Constitution, unlike Florida's, does not contain the words "or both."