387 So.2d 338 (1980)
STATE of Florida, Petitioner,
v.
Cameron TAIT, Respondent.
No. 55354.
Supreme Court of Florida.
June 12, 1980.
Rehearing Denied September 17, 1980.
Jim Smith, Atty. Gen., and Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Jerry L. Schwarz and Richard B. Greene, Asst. Public Defenders, West Palm Beach, for respondent.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review the decision of the district court of appeal, Tait v. State, 362 So.2d 292 (Fla.4th DCA 1978). The respondent was convicted of murder in the second degree[1] and he appealed. The district *339 court reversed and remanded for a new trial, holding that the respondent's motion to act as his own co-counsel should have been granted and that the trial court should have held a hearing to determine respondent's competence to stand trial. The district court certified that its decision passed upon a question of great public interest: whether a criminal defendant has an absolute right to act as his own co-counsel under article I, section 16, Florida Constitution. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Michael Byer and Kristine Cassiano were sharing an apartment in Fort Lauderdale. They occupied it as sub-lessees of Craig McConnell, who resided in Virginia. McConnell contacted Byer and Cassiano and asked them to provide respondent Cameron Tait with a place to stay. Tait was an actor. The purpose of his visit to Fort Lauderdale was to have a vacation, rest, and study his lines for an upcoming play. The three got along well for several days. Tait spent most of his time studying his lines and he consumed large amounts of alcohol.
On the evening of February 28, 1976, Tait, who had been drinking all day, began to argue with Byer. He went into a tirade which Byer tried to ignore. Without any provocation from Byer, Tait continued to berate him. He said he did not like the way Byer treated Cassiano. Finally, Tait shot Byer repeatedly with a pistol.
The respondent's defense was insanity. He did not question his competence to stand trial. He presented the testimony of two psychiatrists who stated their opinions that at the time of the shooting Tait was suffering from an acute psychotic episode brought on by excessive consumption of alcohol. This temporary mental illness, they said, was of such a degree that Tait did not know the difference between right and wrong. These conclusions were based on examinations of Tait, review of his statements to police, and his history of violent behavior associated with excessive drinking. For his history, the psychiatrists relied on their interviews with Tait and the deposition of a woman he previously lived with. Her testimony related a number of incidents in which violent behavior was followed by blackouts and subsequent inability to remember the incident.
Prior to trial, the respondent requested permission to act as co-counsel with his appointed public defender. The trial court denied the request and the district court held that this was error.
The district court based its holding on language in article I, section 16 of the Florida Constitution, providing, "In all criminal prosecutions the accused ... shall have the right ... to be heard in person, by counsel, or both... ." The court indicated that it found the words "or both" to be controlling on this issue.
The district court found support for its holding, however, in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In that case the United States Supreme Court construed the sixth amendment right to the assistance of counsel as granting "to the accused personally the right to make his defense." Id. at 819, 95 S.Ct. at 2533. The Court said that "[t]he right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage." Id. at 834, 95 S.Ct. at 2540-2541. Although recognizing this right of self-representation, however, the Faretta decision does not establish a right to the "hybrid" form of representation which respondent sought. The sixth amendment does not guarantee that the accused can make his own defense personally and have the assistance of counsel. *340 See, e.g., United States v. Daniels, 572 F.2d 535 (5th Cir.1978); United States v. Bowdach, 561 F.2d 1160 (5th Cir.1978); United States v. Lang, 527 F.2d 1264 (4th Cir.1975), cert. denied, 424 U.S. 920, 96 S.Ct. 1127, 47 L.Ed.2d 328 (1976); United States v. Hill, 526 F.2d 1019 (10th Cir.1975), cert. denied, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); United States v. Wolfish, 525 F.2d 457 (2d Cir.1975), cert. denied, 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976).
The guaranty of the Declaration of Rights of the Florida Constitution, that "[i]n all criminal prosecutions the accused ... shall have the right ... to be heard in person, by counsel, or both ...," has been interpreted to include a qualified, not an absolute, right to self-representation. When the accused is represented by counsel, affording him the privilege of addressing the court or the jury in person is a matter for the sound discretion of the court. Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968); Thompson v. State, 194 So.2d 649 (Fla. 2d DCA 1967). Powell and Thompson were decided under section 11 of the Declaration of Rights of the Constitution of 1885. The fact that the people framed article I, section 16 of the Constitution of 1968 in the same language gives strong support to the proposition that the construction provided by Powell and Thompson is correct. We conclude that article I, section 16 does not embody a right of one accused of crime to representation both by counsel and by himself. We answer the certified question in the negative and hold that the district court erred in reversing the conviction on this ground.
Although reversing and remanded for a new trial on the ground that respondent's fundamental right to be his co-counsel was violated, the district court also allowed that the trial court had committed reversible error in failing to order a hearing to determine the respondent's competence to stand trial. We should not limit ourselves to consideration of the certified question only, but should also review this other ground for the decision below. Zirin v. Charles Pfizer & Co., 128 So.2d 594 (Fla. 1961).
The district court said that under Florida Rule of Criminal Procedure 3.210, which requires a hearing if there is reasonable ground to believe the defendant incompetent to stand trial, a hearing should have been held since "there was sufficient testimony and reports by the court ordered psychiatrists to raise such a reasonable doubt." 362 So.2d at 294. The court cited Fowler v. State, 255 So.2d 513 (Fla. 1971).
Florida Rule of Criminal Procedure 3.210, as it stood at the time of the trial in this case, contained separate provisions pertaining to insanity at time of trial, insanity at time of the offense, and the appointment of expert witnesses to be summoned to testify if the issue of insanity at the time of the offense is an issue in the cause.
At trial the respondent relied on the defense of insanity and thus placed in issue his mental condition at the time of the offense. He did not, however, move for a hearing to determine his competence to stand trial. After the filing of the notice of insanity as a defense, as required by Rule 3.210(b), the trial court, pursuant to Rule 3.210(c), appointed three psychiatrists to examine the respondent, report their findings, and testify at trial. Rule 3.210(a) provides that if before or during trial the court, of its own motion or on motion of defense counsel, has reasonable ground to believe the defendant is insane, it shall hold a hearing to determine the defendant's mental condition. The issue here is whether any information coming before the court before or during trial provided reasonable ground to believe that the defendant's mental condition was such that he was incompetent. We conclude that there was nothing before the court sufficient to raise a reasonable doubt as to the respondent's mental competence at trial. The trial court was not required to order a hearing of its own motion.
The rule draws a clear distinction between incompetence at the time of trial and insanity at the time of the offense. The judge's knowledge of results of examinations ordered in connection with the defendant's *341 reliance on the defense of insanity may or may not give rise to reasonable doubt of his competence to stand trial. Here, none of the reports or testimony before the court before or during trial gave rise to reasonable ground to believe the defendant incompetent to stand trial.
The district court cited Fowler v. State, 255 So.2d 513 (Fla. 1971), in support of its decision that the trial court should have held a hearing. That case is distinguishable, however. In Fowler, the defense moved for a hearing to determine the defendant's competence to stand trial. Two court-appointed experts concluded that the defendant was not competent to stand trial. This Court held that it was error to deny a hearing on the issue, since the rule requires one when the court has reasonable ground to believe that the defendant is insane. While the district court in the instant case was correct in concluding that the propriety of a hearing to determine competence to stand trial does not depend on the making of a motion by the defendant, here there was nothing presented or available to the court which would constitute reasonable ground to conclude that at the time of trial the defendant was insane.
Thus the state's suggestion that the absence of a request for a hearing on the respondent's competence to stand trial was a waiver is erroneous. The rule requires the trial court to hold a hearing on competence if reasonable grounds exist. By so providing, our rule protects the fourteenth amendment due process right of the accused not to be tried while mentally incompetent. "[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The indications of incompetence in the present case, if any, did not begin to approach the level which prompted the United States Supreme Court to grant relief in Drope v. Missouri. The trial court was not required to order a hearing.
Both portions of the district court decision are quashed. The certified question is answered in the negative. The case is remanded to the district court with directions that it reinstate the circuit court's judgment.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Section 782.04(2), Florida Statutes (1975):

The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.