516 So.2d 30 (1987)
Linton Edward BEVERLY, a/K/a Linton Edward Wilson, Appellant,
v.
STATE of Florida, Appellee.
No. BO-479.
District Court of Appeal of Florida, First District.
November 24, 1987.
*31 Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant seeks review of his final judgment and sentence for armed robbery with a deadly weapon, expressly challenging the trial court's order denying his motion for discharge. We affirm on this issue but remand the case for correction of a technical error in the guidelines scoresheet.
On December 15, 1984, appellant was arrested for armed robbery, and at a hearing approximately 133 days later, his court-appointed counsel moved for a continuance and expressly waived appellant's rights under the speedy trial rule. On the record, the trial court reset the trial date for August 6, 1985. Appellant subsequently filed a pro se motion for discharge, alleging violation of his right to a speedy trial. The trial court denied appellant's motion just before commencement of the jury trial.
The speedy trial rule time limitations are waived by virtue of a defense continuance. Butterworth in and for Broward Cty. v. Fluellen, 389 So.2d 968 (Fla. 1980). In the present case, appellant, through his attorney, waived his right to a trial within 180 days pursuant to the speedy trial rule. The pro se motion for discharge filed while appellant was being represented by court-appointed counsel is a nullity. See State v. Tait, 387 So.2d 338 (Fla. 1980) (no constitutional right to be represented both by counsel and by one's self). Appellant's arguments on appeal are without merit.
After the jury found appellant guilty of armed robbery, the trial court sentenced him to prison for twenty-two years. The guidelines scoresheet indicates a total score of 294 points and a recommended sentencing range of 12-17 years. At sentencing, the trial court orally corrected the scoresheet to reflect a total score of 308 points and a recommended sentencing range of 17-22 years. The primary offense at conviction was a first degree felony punishable by life, rather than a first degree felony as reflected on the scoresheet. On remand, the scoresheet should be amended to reflect the trial court's oral corrections at sentencing.
AFFIRMED in part and REVERSED in part.
WENTWORTH and JOANOS, JJ., concur.