517 So.2d 23 (1987)
Anthony WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. BP-300.
District Court of Appeal of Florida, First District.
July 24, 1987.
On Motion to Certify Question December 10, 1987.
Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Gregory Costas, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant has filed a pro se motion requesting leave to file a supplemental brief. He alleges he requested his appellate counsel to raise, as an issue on appeal, the failure of the trial court to instruct the jury on the lesser included offense of attempted possession of cocaine. According to appellant, counsel was of the opinion that raising the issue would be "futile", and the initial brief reflects that the issue has not been raised.
Of course indigent defendants are entitled to appointed counsel on direct appeal of a conviction. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). Defendants also have a constitutional right to waive representation by counsel in certain circumstances. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, there is no constitutional right of an accused to representation both by counsel and by himself. State v. Tait, 387 So.2d 338 (Fla. 1980). Although a defendant has the right to consult with his counsel during trial, he has no right to participate or represent himself on appeal when he is simultaneously represented by counsel. Hooks v. State, 253 So.2d 424 (Fla. 1971). In the absence of *24 compelling reasons, the orderly progress of an appeal and the concomitant administration of justice will not be served by allowing corepresentation by a defendant who is represented by counsel. Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968). See also Florida Rule of Judicial Administration 2.060(d).
Here, appellant's counsel has apparently made the professional determination that the issue appellant seeks to raise would be frivolous. There are many reasons why this determination may or may not be correct. If the issue is viable, appellant's remedy, as he recognizes in his motion, lies in collateral proceedings alleging ineffective assistance of appellate counsel. At this time, we do not rule on the viability of the proposed issue. We do find that appellant has failed to present compelling circumstances warranting an exception to the rule that corepresentation will not be permitted.
Accordingly, appellant's pro se motion to file a supplemental brief is denied.
JOANOS, ZEHMER and WIGGINTON, JJ., concur.

ON MOTION TO CERTIFY QUESTION
PER CURIAM.
AFFIRMED. We certify the following question as being one of great public importance:
Is the habitual offender statute, section 775.084, Florida Statutes, still operative for the purpose of extending the statutory maximum permissible penalty to be imposed under the sentencing guideline?
ERVIN, JOANOS and BARFIELD, JJ., concur.