529 So.2d 349 (1988)
STATE of Florida, Appellant,
v.
Hubert SMILEY, Appellee.
No. 87-19.
District Court of Appeal of Florida, First District.
August 8, 1988.
Robert A. Butterworth, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellant.
Roosevelt Randolph of Knowles & Randolph, Tallahassee, for appellee.
SMITH, Chief Judge.
The state appeals the trial court's order granting the defendant's motion to dismiss for failure of the state to bring defendant to trial within 180 days as required under the provisions of the Interstate Agreement on Detainers (IAD), sections 941.45-941.50, Florida Statutes (1985). The trial court's finding that defendant substantially complied with the statute is supported by the evidence and we affirm. State v. Roberts, 427 So.2d 787 (Fla. 2d DCA 1983). We write only to address the state's contention *350 that the defendant's pro se demand for disposition of the charges against him, under section 941.45(3)(a), was ineffective to start the time running under that statute because he was simultaneously represented by counsel, who should have filed the demand. In effect, the state urges that it was not required to respond to this "dual representation."
While the Florida constitution, Article I, Section 16, provides that an accused has the right to be heard in person, by counsel, or both, this provision has been interpreted as not embodying a right of one accused of a crime to representation both by counsel and by himself. State v. Tait, 387 So.2d 338, 340 (Fla. 1980). Instead, it merely gives the accused a qualified, not an absolute, right to self-representation. Said the Tait court:
When the accused is represented by counsel, affording him the privilege of addressing the court or the jury in person is a matter for the sound discretion of the court. Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968); Thompson v. State, 194 So.2d 649 (Fla. 2nd DCA 1967).
Id. at 340.
We find several instances in which the appellate courts of this state have refused to give legal significance to a defendant's pro se speedy trial demand under Rule 3.191, Florida Rules of Criminal Procedure, thereby implicating the time requirements of that rule, when the defendant was otherwise represented by counsel.[1]See, Beverly v. State, 516 So.2d 30 (Fla. 1st DCA 1987); Carter v. State, 509 So.2d 1126 (Fla. 5th DCA 1987); and Dickey v. McNeal, 445 So.2d 692 (Fla. 5th DCA 1984).
In Beverly, defense counsel moved for a continuance and the court ruled that the speedy trial time limitations were waived by virtue of this defense continuance. In Carter, counsel filed a request for discovery and thus defendant was not prepared for trial at the time he filed his prose motion for speedy trial. In Dickey, a public defender was appointed to represent the defendant following his pro se demand for speedy trial, and the public defender had not diligently investigated his case or prepared for trial because he felt constrained not to do so by the pending speedy trial motion. Under the circumstances presented by these and similar cases, the defendants' pro se demands for speedy trial were considered spurious, and in opposition to representation by their attorneys. Hence, the speedy trial demands were declared invalid under the rule.
We note, however, some important differences in the purposes of Rule 3.191 and section 941.45(3)(a), and in the effect of invocation of their provisions by the prisoner. Under the latter, the prisoner must be brought to trial within 180 days after he has caused to be delivered to the prosecuting officer and the appropriate court written notice of the place of his imprisonment and his request for a final disposition of the charges against him. There is no requirement under section 941.45(3)(a) (as there is in Rule 3.191) that the defendant shall have diligently prepared for trial, or that he be prepared for trial within a date certain, or that his demand is subject to being stricken for failure to comply with these requirements.[2] Further, it appears to us that the express language of the IAD, the circumstances under which its provisions become operative, and the detriments it is designed to alleviate contemplate *351 action by the prisoner himself.[3] Rule 3.191(b)(1) expressly provides, moreover, that nothing in the Florida speedy trial rule shall affect the prisoner's right to speedy trial under IAD.
Finally, there has been no showing that defendant's pro se demand was in any way in opposition to the representation he was receiving from his counsel. The efforts of defendant's counsel to negotiate a plea on defendant's Florida charges were not contradictory to the assertion of his rights under IAD.
When all these factors are considered, we agree that the trial court did not abuse its discretion in granting the defendant's motion to dismiss.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] This rule provides in part:

(c) A demand for speedy trial binds the accused and the state. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared for trial within five days. A demand filed by an accused who has not diligently investigated his case or who has not timely prepared for trial shall be stricken as invalid upon motion by the prosecuting attorney ...
[2] Section 941.45(6), provides that the time period provided for in the statute shall be tolled whenever and for as long as the prisoner is unable to stand trial as determined by the court having jurisdiction of the matter.
[3] Request for final disposition under the IAD is initiated by "the prisoner," section 941.45(3)(a); the written notice and request "shall be given or sent by the prisoner to the warden ... having custody of him ... who shall promptly forward it ... to the appropriate prosecuting official and court ...," section 941.45(3)(b); and the warden shall inform the prisoner of any detainer lodged against him, and shall also "inform him of his right to make a request for final disposition of the indictment ...," section 941.45(3)(c).