DOWNEY, Judge.
Appellant pled nolo contendere to several felony charges, reserving the right to appeal the denial of his motion for discharge due to a violation of his speedy trial rights.
On April 26, 1988, appellant filed a demand for speedy trial. Sixty-three days later, no response having been forthcoming and no trial having been held, he filed a demand for discharge. Twelve days thereafter a calendar call was held, at which appellant pled nolo, reserving the right to appeal an alleged speedy trial violation. It was appellant’s contention that a calendar call was required within five days after his demand for discharge and, since it was not timely held, nor was any hearing held within sixty days of his demand for speedy trial, he was entitled to automatic discharge. Upon denial of appellant’s motion, he filed this appeal.
Appellant’s arguments for discharge are not well founded. Neither his demand for speedy trial, nor his demand for discharge were, without more, sufficient to qualify him for discharge. Under the old rule, perhaps he would have been so entitled. However, under the 1984 amendment to Florida Rule of Criminal Procedure 3.191(a)(2) and (i)(4), he was not.
*723 Subsection (a)(2) of said rule provides that every person charged with a crime may demand a speedy trial within sixty days. No later than five days thereafter the court is supposed to hold a calendar call to set the case for trial no less than five, nor more than forty-five, days in the future. In the event the defendant is not brought to trial within fifty days of the filing of the demand for speedy trial, the defendant has the right to the appropriate remedy set forth in subsection (i) of said rule. Said subsection provides that, if the crime is a misdemeanor, the defendant is entitled, upon filing a demand therefor, to be discharged. If he be charged with a felony, he may, after the sixty days expire, file a motion for discharge. However, there is no automatic discharge in this instance. Instead, subsection (i)(4) provides that no later than five days from the filing of the motion for discharge the court shall hold a hearing and, if no section (d)(3) reasons exist, the defendant shall be brought to trial within ten days; if not, he is entitled to automatic discharge.
In the present case, though no hearing was held within five days, a calendar call was held within ten days, at which appellant pled nolo contendere. This is the equivalent of appellant’s going to trial within the ten-day period, which would constitute compliance with the rule and preclude discharge. Under the present rule, the key to entitlement to discharge for speedy trial violation in a felony case is not merely the passage of time after demand for speedy trial, but the passage of time after the motion for discharge without compliance with the provisions of (i)(4) of the rule. See Bloom v. McKnight, 502 So.2d 422 (Fla.1987); State v. Willis, 533 So.2d 920 (Fla. 2d DCA 1988); Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA 1988).
In view of the foregoing, the judgment appealed from is affirmed.
LETTS and DELL, JJ., concur.