ERVIN, Judge.
Appellant, George Tucker, argues on appeal that he should have been permitted to withdraw his plea on the basis of newly discovered evidence. We do not agree and affirm.
Tucker entered a plea of nolo contendere to the charge of carrying a concealed firearm, a third degree felony. After finding that the plea was voluntarily entered, the court accepted the plea and sentenced Tucker to three years’ probation. Tucker’s counsel conceded at the hearing that a factual basis existed for the plea.
Following sentencing, Tucker moved to withdraw his plea. At the hearing on the motion, Tucker’s counsel advised the court that Tucker told him that he had learned of new evidence and wished to withdraw his plea and proceed to trial, but that Tucker had not informed him about the nature of this alleged new evidence. Tucker attempted to speak on his own behalf, and the judge refused, instructing him that he needed to speak with his attorney. The court then denied the motion to withdraw.
Without deciding whether withdrawal of a plea is permitted after sentencing, we note that Tucker failed to present any evidence to the trial judge to justify withdrawal. Contrary to Tucker’s contention on appeal, the trial judge was not required to hear the motion of Tucker’s attorney and testimony by the accused. “When the accused is represented by counsel, affording him the privilege of addressing the court or the jury in person is a matter for the sound discretion of the court.” State v. Tait, 387 So.2d 338, 340 (Fla.1980). Accord Whitfield v. State, 517 So.2d 23 (Fla. 1st DCA 1987), review denied, 525 So.2d 881 (Fla.1988); Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968).
Tucker’s judgement and sentence are AFFIRMED without prejudice to his right to seek relief pursuant to Florida Rule of Criminal Procedure 3.850, if warranted.
NIMMONS, J., and THOMPSON, FORD L., (Ret.), Associate Judge, concur.