FARMER, Judge,
dissenting.
Defendant, who was then represented by the public defender, filed his own motion for discharge on the- grounds that he had been denied his speedy trial rights. See Fla.R.Crim.P. 3.191. It was then 227 days after his arrest. Three days after the pro se filing, his public defender filed a separate motion on the same grounds. Neither motion was set for hearing, but a status conference was held the day after counsel’s motion was filed. Eleven days after the status conference, defendant’s counsel filed still another motion for discharge which was heard later that day. The court ruled *752 that the status conference had not been a hearing on the motions for discharge and thereupon denied all such motions. Small then pled nolo contendere, reserving his right to appeal the denial of the motions for discharge.
Rule 3.191(i)(3) provides as follows:
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
The above facts establish that no hearing was held on defendant’s pro se motion for discharge until 15 days after he filed it; and, of course, no trial occurred within that period either. Thus, giving a straightforward interpretation to the above rule, the failure to hold a hearing within 5 days, and a trial 10 days thereafter, operates to discharge him.
Rule 3.191(d)(3) provides in pertinent part:
(3) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that * * * (iv) the demand referred to in section (c) is invalid. * * *
The state argues, and the majority apparently so concludes, that defendant’s pro se motion was invalid because he was then represented by counsel. I disagree.
The term “invalid” in section (d)(3) refers to “the demand referred to in section (c)” [e.s.], so I turn to that section. In section (c), one finds the following:
(c) Demand for Speedy Trial; Accused is Bound. A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. * * * A demand filed by an accused who has not diligently investigated his case or who is not timely prepared for trial shall be stricken as invalid upon motion of the prosecuting attorney. * * * [e.s.]
It is obvious that section (c) refers to a demand for speedy trial, not a motion for discharge. Yet it is defendant’s motion for discharge that the state argues is invalid within the meaning of section (d)(3)(iv), not a prior demand for speedy trial. Thus, the exclusion from discharge found in section (d)(3), by its literal terms, simply does not apply.
Even if section (d)(3)(iv) could be construed to refer to the motion for discharge rather than the demand for speedy trial (a construction I am not ready to accept), the only grounds for invalidity are spelled out in section (c) itself. They refer solely to a “demand filed by an accused who has not diligently investigated his case or who is not timely prepared for trial.” That is not the same thing as a demand filed and served by the accused himself while he is represented by counsel.[1]
In Beverly v. State, 516 So.2d 30 (Fla. 1st DCA 1987), and Johnson v. State, 501 So.2d 94 (Fla. 1st DCA 1987), the first district held that a pro se motion for discharge filed while the accused is represented by counsel is a nullity. Beverly cites State v. Tait, 387 So.2d 338 (Fla.1980), which holds that an accused has no right to be represented by both counsel and himself, as the basis for its conclusion.
Frankly, I do not understand how that premise yields that conclusion. I suspect that the proper response to a paper filed by an accused who is represented by counsel is not to hold the paper a nullity, but to conduct some sort of inquiry as to whether the accused continues to want representation by counsel and, if so, whether counsel wishes to adopt the paper as his own. In any event, I do not believe that the paper *753 can be considered a nullity in the absence of any motion by the state seeking to strike it on that ground.[2] In this case, the state filed no such motion.
Not cited by either side are Riveron v. State, 541 So.2d 722 (Fla. 4th DCA 1989), and Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA 1988). Both have the same critical difference. In both cases, the trial court either held a calendar call or scheduled a trial to begin within the 15 days after the motion for discharge was filed. That fact distinguishes both decisions from the present case.
If rule 3.191 were ambiguous, I should think that it would have to be strictly construed in favor of the accused. I do not find it ambiguous, however. Instead, I read section (d)(3) to mean what it so plainly says to me: the accused must be discharged unless one of the exclusions in that section properly apply. Here, none of them are literally applicable.
I therefore dissent from the court’s af-firmance of the conviction.

. My conclusion is limited to only the circumstances of this case and this rule. Specifically, I do not express any opinion on the general validity of other kinds of motions or papers filed by a represented accused rather than his lawyer. But see footnote 2 and accompanying text.

. I note that section (c) specifically allows an invalid demand to be stricken "upon motion of the prosecuting attorney.” I question whether the section authorizes striking a demand in the absence of such a motion.