613 So.2d 471 (1993)
Gene SALSER, Petitioner,
v.
STATE of Florida, Respondent.
No. 78439.
Supreme Court of Florida.
February 11, 1993.
*472 James B. Gibson, Public Defender, and Paolo G. Annino and Michael S. Becker, Asst. Public Defenders, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have for review Salser v. State, 582 So.2d 12 (Fla. 5th DCA 1991), based on apparent conflict with State v. Tait, 387 So.2d 338 (Fla. 1980). Upon further review we have determined that conflict does not exist and that there is no other valid basis for jurisdiction here. Accordingly, the petition for review was improvidently granted and is hereby dismissed.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J., and SHAW, J., concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.
KOGAN, Justice, dissenting.
On February 17, 1989, Gene Salser made his first appearance in court to be arraigned on charges of armed robbery. At this time, a public defender was appointed to represent him, although the attorney did not appear with Salser at this time. The attorney later sent him a letter telling Salser to contact the public defender's office, but Salser did not respond until September that same year.
On August 10, 1989, Salser filed a pro se motion for discharge under the speedy trial rule[1] on grounds that at least 175 days had passed since his arrest. On August 15, 1989, the state moved to strike Salser's motion on grounds he could only make the motion through his court-appointed public defender.[2] No hearing was held in this matter until November 6, 1989, at which time the trial court granted the state's request and struck Salser's motion as a nullity. The trial court rejected Salser's argument (through counsel) that a hearing should have been held within five days of Salser's pro se motion for discharge and the trial scheduled at that time. See Fla. R.Crim.P. 3.191(i)(3) (1984).
Based on the facts before us, it is clear to me that Salser would have been entitled to release under the speedy trial rule had his motion been made through counsel. Fla.R.Crim.P. 3.191. The sole question before us, then, is whether the motion could be treated as a nullity simply because it was filed by Salser himself at a time when he had court-appointed counsel. In the past the Court has held that
[w]hen the accused is represented by counsel, affording him the privilege of addressing the court or the jury in person is a matter for the sound discretion of the court.
State v. Tait, 387 So.2d 338, 340 (Fla. 1980) (emphasis added). As the Second District has noted,

*473 the right of the defendant to speak for himself when represented by counsel is subject to restriction by the trial court in the exercise of its power to prescribe the manner in which the trial will proceed.
Thompson v. State, 194 So.2d 649, 650 (Fla. 2d DCA 1967) (emphasis added). Based on such reasoning, the Fourth District has held that an appellant has no absolute right to file a brief separate and apart from the one prepared by court-appointed counsel. "To permit this," reasoned the court,
would clearly interfere with the time schedules and the filing and service of papers. Such practice would frustrate and confuse the appellate process and administration of justice.
Powell v. State, 206 So.2d 47, 48 (Fla. 4th DCA 1968).
I believe that the rule established in the above line of cases is not so broad as the majority tacitly assumes by denying jurisdiction. Tait clearly was concerned with a defendant's desire to duplicate counsel's efforts by separately addressing the court or jury during trial, thereby disrupting or delaying the proceedings pointlessly. Powell addressed an appellant's desire to duplicate counsel's effort in filing a brief, thereby causing disruption of the appellate process. While some of the language in Tait can be construed overbroadly to apply to other factual settings, I believe that this extends the rule in the cases into inappropriate settings not actually intended. In sum, Tait is concerned with pro se tactics that cause disruption and duplication of effort. The rule in Tait does not extend, and was not intended to extend, to nondisruptive, nonduplicative pro se efforts, such as the motion filed by Salser below. On that basis, I would find conflict and accept jurisdiction, because the district court has misapplied and thus is in conflict with Tait. Art. V, § 3(b)(3), Fla. Const.
On the merits, I do not find that the trial court in reviewing a pro se speedy-trial motion will face the broader problem of judicial disruption upon which Tait, Thompson, and Powell clearly rested. It was duplication of the defense effort likely to cause disruption that was the focus of these earlier opinions. When such duplication is being urged in the guise of a constitutional right, the trial court properly has discretion to deny a defendant's request. A defendant does not have an absolute right to speak when defense counsel already has spoken or stands ready and diligent to speak at the proper times. Nor does a defendant have an absolute right to reargue what already has been argued.
Here, however, we face an entirely different situation. This record strongly suggests that counsel's contacts with Salser prior to the filing of the speedy-trial motion were minimal or nonexistent.[3] Counsel certainly failed to compute the speedy-trial period that Salser so promptly identified. Here, in other words, there was nothing for Salser to duplicate and no threat of disruption.[4] Accordingly, I believe the trial court exceeded its discretion in failing to conduct the speedy-trial hearing in a timely manner and then later holding that Salser's motion was a nullity. I would hold that a trial court may not disregard an otherwise valid pro se speedy-trial motion when defense counsel obviously has neglected to make the filing.[5]Accord State v. Smiley, 529 So.2d 349 (Fla. 1st DCA 1988). Because *474 Salser's pro se motion was valid, the trial court lost jurisdiction of this cause when the hearing on the motion and the scheduling of trial were not completed in a timely manner.[6] Fla.R.Crim.P. 3.191(i); Ariza v. Cycmanick, 548 So.2d 304 (Fla. 5th DCA 1989).
Of course, I recognize that there may be situations in which defendants believe they have detected an omission made by counsel and desire to take actions that could be disruptive. For example, a defendant might develop a desire to make unfounded oral objections during trial, apart from those made by counsel. To the extent such disruption is more likely, and especially in proceedings before the jury, the trial court's discretion to curb the defendant's behavior increases. In appropriate cases, the trial court may be obligated to treat the defendant's behavior as a claim of incompetency of counsel. If so, a hearing may be warranted under the standard adopted in Hardwick v. State, 521 So.2d 1071, 1074 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). But where, as here, there is little or no possibility of disruption and no duplication of effort, the trial court's discretion is much more limited. Salser's motion for discharge under the speedy trial rule should have been granted because the trial court's failure to conduct a speedy-trial hearing within the requisite time limits deprived it of jurisdiction over Salser. Ariza.
In so concluding, I distinguish Dickey v. McNeal, 445 So.2d 692 (Fla. 5th DCA 1984), and Carter v. State, 509 So.2d 1126 (Fla. 5th DCA 1987), because they dealt with demands for speedy trial under rule 3.191(c) and not a motion for discharge for failure to honor the time limits specified in rule 3.191(a)(1), as occurred here. Under the speedy trial rule, a demand for trial within sixty days can be reviewed for spuriousness[7] upon a proper motion by the state.[8] Fla.R.Crim.P. 3.191(c) (1984). Notwithstanding this right, a defendant  prepared or not  has the right to be brought to trial within 175 days for a felony and ninety days for a misdemeanor, subject to limited exceptions. Fla.R.Crim.P. 3.191(a)(1), (d), (i) (1984). There thus is no inquiry for spuriousness in the latter instance.
For the foregoing reasons, I would accept jurisdiction, disapprove the opinion under review, and remand for further proceedings.[9] In any event, I note that the denial of jurisdiction by the majority sets no precedent and effectively leaves the issues presented in this case unresolved.
BARKETT, C.J., and SHAW, J., concur.
NOTES
[1] See Fla.R.Crim.P. 3.191.
[2] I recognize that the state argues that nothing in the record shows that the speedy-trial motion was filed with the trial court. However, the fact that the state moved to strike Salser's motion clearly shows that the trial court's attention was called to this matter. Moreover, I find no indication that the state attempted to raise this issue before the district court. Accordingly, even if the state's assertions are correct, the state has waived the issue for purposes of appeal.
[3] Part of the problem apparently arose from the fact that Salser had been moved to a jail in another county on separate charges. The record suggests that Salser's whereabouts did not become known to his counsel until after the pro se motion was filed. I also note that, in one of his pro se pleadings, Salser complained to the trial court that his court-appointed counsel "has failed to return calls or correspondence to defendant's letters and calls, [and] defendant believes [counsel] has withdrawn from his case as he indicated he would do in his letter dated July 25, 1989." The letter referenced here is in the record and does in fact make the statement paraphrased by Salser.
[4] Indeed, Salser's motion caused no more disruption than would have occurred had counsel filed the proper motion.
[5] I also am not persuaded by the state's argument that Rule of Judicial Administration 2.060 requires a person such as Salser to obtain the signature of the attorney on the pleading before filing it in court. By its own terms, rule 2.060 applies only to attorneys, not to persons acting pro se. This is true even if a person acting pro se happens to have court-appointed counsel. Fla.R.Jud.Admin. 2.060.
[6] Under the rule, the hearing must be within five days of the motion for discharge and trial must be scheduled within ten days of the hearing unless the trial court specifically finds that the case falls within a valid exception to the rule. Fla.R.Crim.P. 3.191(i)(3) (1984). Thus, the trial court here lost jurisdiction to try Salser fifteen days after the motion for discharge was made.
[7] "Spuriousness" exists for present purposes when the defendant will not be prepared for trial within five days of the demand. Fla. R.Crim.P. 3.191(c) (1984).
[8] It is unclear in Carter v. State, 509 So.2d 1126 (Fla. 5th DCA 1987), whether such a motion was made.
[9] I find the result reached in State v. Smiley, 529 So.2d 349 (Fla. 1st DCA 1988), generally consistent with the views I have expressed here, although the dicta in that opinion regarding pro se motions under Rule of Criminal Procedure 3.191 would need to be disapproved. I distinguish Beverly v. State, 516 So.2d 30 (Fla. 1st DCA 1987), because the right to speedy trial was waived there. Finally, I would disapprove the opinion in Johnson v. State, 501 So.2d 94 (Fla. 1st DCA 1987), to the extent it conflicts with my views here.