632 So.2d 1104 (1994)
Elisha GILBERT, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 93-3296.
District Court of Appeal of Florida, Fourth District.
March 2, 1994.
Rehearing Denied March 16, 1994.
*1105 Elisha Gilbert, pro se petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner Elisha Gilbert was convicted in 1993 of grand theft auto and sentenced to ten years in prison as an habitual felony offender. He has filed a petition for writ of habeas corpus in this court, which raises twenty grounds for relief, including claims of ineffective assistance of trial counsel, prosecutorial misconduct and trial court error in his conviction and sentencing.
Our records show that petitioner is represented by counsel in a simultaneously pending direct appeal of his conviction and sentencing. A record has been filed in that appeal, with briefing anticipated. Petitioner claims that he filed a waiver of counsel in the circuit court, and that he does not wish to be represented by counsel. He also suggests that he does not wish to prosecute a direct appeal in this court. While this may be true, petitioner's recourse lies in the direct appeal. As long as he is represented by counsel on appeal and as long as his appeal continues to proceed, this court will not simultaneously entertain pro se collateral challenges such as this petition for writ of habeas corpus. See Hendrix v. Pingree, 381 So.2d 334 (Fla. 1st DCA 1980).
Habeas corpus is a collateral remedy, and is no substitute for a direct appeal. Witt v. State, 465 So.2d 510 (Fla. 1985). Neither is it available as a substitute for a motion for post-conviction relief. Garner v. Wainwright, 454 So.2d 28 (Fla. 1st DCA 1984). Some of petitioner's claims in this habeas petition appear to be appropriate for direct appeal; some may form the basis of a claim for post-conviction relief after appellate review is concluded. None, however, can be heard at this time while his appeal remains pending.
Furthermore, a party may not be simultaneously represented by counsel and yet file pro se pleadings or petitions in the same case. State v. Tait, 387 So.2d 338 (Fla. 1980); Whitfield v. State, 517 So.2d 23 (Fla. 1st DCA 1987), rev. denied, 525 So.2d 881 (Fla. 1988), citing Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972).
For these reasons, we deny the petition for writ of habeas corpus, without prejudice to petitioner's right to have counsel raise any appropriate arguments made there in the pending direct appeal, or in a motion for post-conviction relief filed after disposition of the appeal. Our ruling today does not address petitioner's contention that he does not wish to prosecute his appeal, as that is not properly before this court in this habeas proceeding.
STONE, PARIENTE and STEVENSON, JJ., concur.