ON MOTION FOR REHEARING

PER CURIAM.
Appellant’s pro se motion for rehearing and clarification is hereby stricken because appellant does not have the right to file motions pro se when he is represented simultaneously in this appeal by counsel. See State v. Tait, 387 So.2d 338 (Fla.1980); Whitfield v. State, 517 So.2d 23 (Fla. 1st DCA 1987)(citing Hooks v. State, 253 So.2d 424 (Fla.1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972)), rev. denied, 525 So.2d 881 (Fla.1988). Even if appellant’s motion could be entertained, it would have to be denied because appellant is alleging that his present appellate attorney is incompetent for not including in the record on appeal the motion for rehearing he allegedly filed in the trial court. A claim of ineffective assistance of appellate counsel is properly raised by habeas petition and not in a motion for rehearing in the very case upon which the claim of ineffective assistance is based. See generally Johnson v. State, 694 So.2d 159 (Fla. 4th DCA 1997); Oakley v. State, 677 So.2d 879 (Fla. 2d DCA 1996).
Accordingly, the motion for rehearing and clarification is stricken.
WARNER, STEVENSON and TAYLOR, JJ., concur.