732 So.2d 1194 (1999)
Robert BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3913.
District Court of Appeal of Florida, Fourth District.
April 28, 1999.
*1195 Richard L. Jorandby, Public Defender, and Eric Gottlieb, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
In this direct appeal of appellant's felony conviction, the sole issue is whether the trial court correctly held that appellant's pro se demand for speedy trial, filed while appellant was represented by counsel, was a nullity. We agree that it was and affirm.
Appellant relies on Article I, section 16 of the Florida Constitution, which provides: "In all criminal prosecutions the accused ... shall have the right ... to be heard in person, by counsel, or both...." In Powell v. State, 206 So.2d 47, 48 (Fla. 4th DCA 1968), this court construed the same language in an earlier version of our constitution as follows:
The rule is that a defendant represented by counsel has no absolute right to participate and represent himself and that the matter is subject to the exercise of sound discretion by the trial courts.
We believe the rule to be sound and equally applicable and needed in the appellate courts of this state. Absent some compelling reason reflected in an application for permission and absent this court's consent for an appellant to represent himself and to be also represented by counsel, we believe that a party on appeal represented by counsel has no right, in propria persona, to file additional briefs and appellate papers. To permit this would clearly interfere with the time schedules and the filing and service of papers. Such practice would frustrate and confuse the appellate process and administration of justice.
Subsequently, in State v. Tait, 387 So.2d 338, 340 (Fla.1980), the Florida Supreme Court held that Article I, section 16 gives a defendant, represented by counsel, a qualified, not an absolute right, stating:
When the accused is represented by counsel, affording him the privilege of addressing the court or the jury in person is a matter for the sound discretion of the court. Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968); Thompson v. State, 194 So.2d 649 (Fla. 2d DCA 1967). Powell and Thompson were decided under section 11 of the Declaration of Rights of the Constitution of 1885. The fact that the people framed article I, *1196 section 16 of the Constitution of 1968 in the same language gives strong support to the proposition that the construction provided by Powell and Thompson is correct.
We construe our decision in Powell to require that a represented defendant first obtain the court's consent in order to also represent himself. Although Powell involved the right of a represented defendant to file a brief in this court, the broad language used by the supreme court in Tait, when it approved Powell, applies to all courts.
Appellant argues that Tait requires the trial court to exercise discretion and that declaring that his demand was a nullity was a failure to exercise discretion. As we noted earlier, though, our supreme court held in Tait that a represented defendant does not have an absolute right to self-representation. If the right is not absolute, then the appellant did not have the absolute right to have the trial court consider his demand for speedy trial. That conclusion is consistent with the Tait holding that whether to afford a defendant "the privilege of addressing the court or the jury in person is a matter for the sound discretion of the court." Tait, 387 So.2d at 340. We construe that language to mean that the point at which the court exercises its discretion is when the defendant requests the right to exercise his qualified privilege. In the present case appellant did not request the opportunity for self-representation, and we therefore hold that the trial court was not required to consider his demand for speedy trial.[1]
Affirmed.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Our holding is limited to actions taken by a represented defendant which are normally performed by counsel and which, if done by the defendant, would constitute dual representation. A motion to discharge counsel, filed by a represented defendant, would not first require the court's consent, because it would not constitute dual representation.