922 So.2d 350 (2006)
Roberto ROJAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2212.
District Court of Appeal of Florida, Third District.
March 1, 2006.
*351 Roberto Rojas, in proper person.
Charles J. Crist, Jr., Attorney General, Paulette R. Taylor, Assistant Attorney General, for appellee.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Roberto Rojas, who was convicted of sexual battery and false imprisonment, appeals the trial court's denial of his motion for postconviction relief after an evidentiary hearing. As we conclude that the trial court's findings are supported by competent substantial evidence, we affirm.
In the defendant's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, he raises three separate grounds of ineffective assistance of trial counsel. In the first two claims, he alleges that his attorney provided deficient representation by failing to seek suppression of the DNA evidence and by failing to object to its admission at trial. In his third claim, the defendant alleges that his attorney failed to investigate and depose two potential defense witnesses. The trial judge appointed the defendant counsel to represent him at the evidentiary hearing. The only witnesses who appeared and testified at the hearing were the defendant and his previous trial counsel. After considering the testimony and weighing the credibility of the witnesses, the trial court concluded that, while the defendant claims that his DNA was improperly obtained, he failed to convey this claim to his attorney. Additionally, based upon the discussions between the defendant and his attorney pre-trial, wherein the defendant told his attorney that he and the victim engaged in consensual sex the night before the claimed assault, they agreed to present consent as the defense. As the defendant admitted at trial that he and the victim engaged in sexual conduct, claiming that it was consensual rather than by force as the victim claimed, we conclude that there is competent substantial evidence in the record to support the trial court's conclusion that the defendant's trial attorney did not provide ineffective assistance of counsel by failing to seek suppression of the DNA evidence or to object to its admissibility at trial.
The defendant claims that, although he provided the names of two witnesses and told his trial attorney where they could be found, they were not called at trial. His trial attorney testified at the hearing that he presented the defendant's *352 daughter, the defendant's office manager, a business client, and a friend, as witnesses at the trial, and recalls looking for additional witnesses with either the defendant's son or daughter. He also testified that sometime after the verdict, a female relative of the defendant contacted him regarding "some people who knew something about the case," but was unable to provide him with any other information; promised to do so; and disappeared without providing anything further. The defendant's trial attorney testified that, had the defendant provided him with the names of any additional witnesses, he would have attempted to find them and would have called them to testify, if they had relevant favorable evidence to present, as he did with the other witnesses.
A claim of ineffective assistance of counsel is a mixed question of law and fact. The trial court's factual findings and credibility determinations are afforded deference and if supported by competent, substantial evidence, will not be disturbed on appeal. Sochor v. State, 883 So.2d 766, 781 (Fla.2004); Stephens v. State, 748 So.2d 1028, 1032-33 (Fla.1999). As we conclude that there is competent substantial evidence to support the trial court's conclusions and credibility determinations adverse to the defendant's claims, we affirm.
The defendant argues that he did not receive a fair hearing by the trial judge, who he claims was biased and prejudiced against him. In support of this claim, he complains that the trial court did not allow him to speak and did not permit the affidavits of witnesses who failed to appear for the hearing to be introduced as evidence. The record, however, reflects that the trial court's refusal to "let the defendant speak" was in fact the trial court's admonition when the defendant attempted to interrupt the witness's testimony when he disagreed with what was being said and his attempt to make arguments to the court when represented by counsel. We conclude that these arguments are without merit. The trial court did not abuse its discretion nor demonstrate bias against the defendant by preventing interruptions in the testimony or in denying his requests to argue to the court. See State v. Tait, 387 So.2d 338, 340 (Fla.1980)(holding that defendant has no constitutional right to represent himself when he is represented by counsel and that when the accused is represented by counsel, the trial court may exercise its discretion in deciding whether to allow the accused to address the court in person).
We also conclude that the trial court did neither err nor demonstrate bias against the defendant by precluding the admission of affidavits by witnesses who failed to appear for the hearing. See Lightbourne v. State, 644 So.2d 54 (Fla.1994)(holding that affidavits of individuals not available to testify at a 3.850 evidentiary hearing are hearsay which may only be admitted if they qualify under one of the following four exceptions: (1) former testimony, (2) statement under belief of impending death, (3) statement against interest, or (4) statement of family or personal history). As the defendant did not argue below and does not argue on appeal that the affidavits fit into any of these exceptions, they were clearly inadmissible.
Affirmed.