CALIFORNIA v. BRAESEKE

No. A-636.   Decided January 31, 1980

Mr. Justice Rehnquist, Circuit Justice.

Applicant, the State of California, has asked me to stay a judgment of the Supreme Court of California in which that court held that the State had not carried its burden of showing that respondent had waived the rights to which he is entitled under *Miranda* v. *Arizona,* 384 U. S. 436 (1966). The respondent, on the other hand, contends that the Supreme Court of California, which divided by a vote of 4-3 on the question, decided the question on a state-law ground.

If respondent is correct, that is the end of the matter. My own reading of the majority and dissenting opinions in the case leaves me in doubt, since the three dissenters concluded that "[t]here can be no doubt this twenty-year-old defendant knowingly and intelligently waived his *Miranda* protections."

Within the past month we have summarily reversed a judgment of the Supreme Court of Louisiana, holding that it did not hold the State to a high enough standard of proof as to the waiver of a defendant's *"Miranda"* rights. *Tague* v. *Louisiana, ante,* p. 469. On the other hand, last Term we twice reversed State Supreme Courts for imposing additional or stricter requirements than we thought were required by the *Miranda* decision as a matter of federal constitutional law. *Fare* v. *Michael C.,* 442 U. S. 707 (1979); *North*

*Carolina* v. *Butler,* 441 U. S. 369 (1979). In the latter case we said:

> "The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. As we unequivocally said in *Miranda,* mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated." *Id.,* at 373.

Obviously this Court cannot review all decisions of other courts which hold that the prosecution has or has not carried its burden of showing that a defendant waived his *"Miranda"* rights. But my reading of the opinion of the Supreme Court of California in this case makes me think that if it was decided on the basis of federal constitutional law, it comes extraordinarily close to the adoption of a rule that in *no* cases can waiver be inferred from the actions and words of the person interrogated. I believe that four Members of the Court are sufficiently likely to share this view that I shall grant the stay requested by the State pending referral of the matter to the next scheduled full Conference of the Court, at which time the Court will have the opportunity of deciding whether to continue the stay, pending the filing of a petition for certiorari by the State, in order to remand the case to the Supreme Court of California so that it may say whether its judgment was based "on an adequate and independent nonfederal ground." *California* v. *Krivda,* 409 U. S. 33, 35 (1972).

The application for stay pending consideration by the full Court is accordingly granted.