ON MOTION TO DISMISS COUNSEL
DAUKSCH, Chief Justice.
Appellant has filed a motion allegedly on his own to have this court discharge his court-appointed attorney on the alleged grounds his attorney did not file an adequate brief and thus was not presenting his case fully. He also asks that we strike the brief filed by the attorney and allow him to file his own brief, after we order his court-appointed trial counsel and appellate counsel to furnish him with the record of the proceedings at the trial level.
Upon receipt of appellant’s motion, we requested his lawyer to respond to the motion! The response was that counsel has no objection to being removed and that appellant “has an absolute right to represent himself,” citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The attorney did not respond to the allegations that he did not properly present all the issues to be raised on appeal. We have no way of knowing at this point whether the attorney has adequately represented appellant in this appeal and will not be able to determine that question until this case is decided upon full review. However, we do know that abilities of appellate counsel, Mr. Jon May, from other appeals in this court and have never found him to present a case in an incompetent fashion.
The question for us to decide is whether an appellant always has an absolute right to represent himself on appeal. We answer the question by saying he does not. Here, the appellant requested and accepted the public’s gracious, albeit constitutionally mandated, dole for many professional services, including his trial lawyer and all the attendant costs there, as well as on appeal. Presumably, once the brief in his behalf was filed, where he perhaps thought a loophole would be found to extricate him from his predicament, he found instead there was little chance of his victory, so he decided to attack on a different course. We cannot allow this tactic to succeed lest the orderly administration of this court and the integrity of appellate proceedings be disrupted. See Chapman v. United States, 553 F.2d 886 (5th Cir. 1977). See also United States v. Lawrence, 605 F.2d 1321 (4th Cir. 1979), cert. denied, 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 720 (1980). Had appellant requested the right to represent himself from the outset and demonstrated himself at least limitedly capable of doing so, we would have decided otherwise. Faretta; *1226 Lawrence; United States v. Dunlop, 577 F.2d 867 (4th Cir.), cert. denied, 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978); United States v. Bowdach, 561 F.2d 1160 (5th Cir. 1977).
Although not determinative, it is not unnoticed the appellant’s motion was prepared by something entitled “Avon Park Correctional Institution’s Law Library, A.P.C.I. Law Clinic.” If we were to inquire into appellant’s ability to represent himself as was discussed in Faretta in the context of an intelligent waiver of counsel, we might be forced to look further into the background. All of this would be too disruptive of the administration of justice, both for appellant and the other litigants before this court. This is not to say that incompetent counsel should not or could not be removed upon a clear showing of neglect or willful misrepresentation, but it is to say there is no substantial allegation of that in this case. A criminal appellant cannot have his appointed counsel discharged at his whim, especially after the appellant’s work has been done and the case is about ready for disposition.
MOTION DENIED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.