ON MOTION TO PROCEED PRO SE
HERSEY, Judge.
Appellant, for whom appellate counsel was appointed by the trial court, has filed in this appeal a motion to proceed pro se. *850 Although appellant desires to handle his own appeal, he indicates that he “will gladly accept the assistance of ... counsel” for “appellant preparation.” In the alternative appellant requests that his court-appointed counsel be discharged.
A defendant has the absolute right to represent himself at the trial court level (i.e. to defend himself). Nevertheless, a trial court must make a proper inquiry to determine whether a defendant is making an intelligent and voluntary decision and is knowingly waiving his right to counsel. The court should consider whether the accused, by reason of age, mental derangement, lack of knowledge or education, would be deprived of a fair trial if allowed to conduct his own defense. Although a defendant need not have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be informed of the dangers and disadvantages so that the record will establish that he knows what he is doing and that his choice is made with open eyes. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Goode v. State, 365 So.2d 381 (Fla.1978) cert. denied 99 S.Ct. 2419; Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979).
Article I Section 16 of the Florida Constitution provides that in all criminal prosecutions an accused has the right to be heard in person, by counsel, or both. In State v. Tait, 387 So.2d 338, 340 (Fla.1980), the supreme court concluded that this provision “does not embody a right of one accused of crime to representation both by counsel and by himself.” Thus, when an accused voluntarily and intelligently chooses self-representation, he is not entitled to any assistance or advice from counsel. This principle is equally applicable to trial and appellate proceedings.
The right of an accused to self-representation on appeal was recently addressed in Bennett v. State, 389 So.2d 1225 (Fla. 5th DCA 1980). The court determined that an appellant (criminal defendant) does not always have the absolute right to represent himself on appeal. As the court explained:
Here, the appellant requested and accepted the public’s gracious, albeit constitutionally mandated, dole for many professional services, including his trial lawyer and all the attendant costs there, as well as on appeal. Presumably, once the brief in his behalf was filed, where he perhaps thought a loophole would be found to extricate him from his predicament, he found instead there was little chance of his victory, so he decided to attack on a different course. We cannot allow this tactic to succeed lest the orderly administration of this court and the integrity of appellate proceedings be disrupted. See Chapman v. United States, 553 F.2d 886 (5th Cir. 1977). See also United States v. Lawrence, 605 F.2d 1321 (4th Cir. 1979), cert. denied, 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 770 (1980). Had appellant requested the right to represent himself from the outset and demonstrated himself at least limitedly capable of doing so, we would have decided otherwise. Faretta; Lawrence; United States v. Dunlap, 577 F.2d 867 (4th Cir.), cert. denied, 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978); United States v. Bowdach, 561 F.2d 1160 (5th Cir. 1977).
Further, while recognizing the right conferred by Subsection 272 of the Judicial Code, 28 U.S.C. § 394, to parties in all courts of the United States to “plead and manage their own causes personally,” the Supreme Court determined that a prisoner has no absolute right to argue his own appeal, noting that oral argument on appeal is not an essential ingredient of due process. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Thus, while there exists a right to self-representation on appeal, it is subject to certain limitations.
Obviously an appellant who is not indigent but who does not wish to pay an attorney cannot be prevented from representing himself on appeal. Likewise, a person who is entitled, because of his indigent status, to a court-appointed attorney, cannot be forced to accept the services of that *851 attorney. (This of course does not mean that an indigent defendant can demand, absent a showing of incompetency, other court-appointed counsel, or, as in Bennett, supra, to represent himself after his attorney had filed a brief.) Nevertheless, prior to an effective waiver of court-appointed appellate counsel, it must be determined that the defendant/appellant’s decision to represent himself is intelligent and voluntary. Since such a determination requires a finding of fact, it should be made by the trial court.
Before a waiver of counsel is accepted, the trial court should inform the defendant/appellant of the dangers and disadvantages of self-representation, which should include but not necessarily be limited to advising appellant that he would be foregoing any assistance by counsel, would be required to meet the appropriate time limitations imposed by the Florida Rules of Appellate Procedure (absent an extension granted on proper motion), and would be restricted to use of legal materials available in the prison law library (if incarcerated). The court should also inquire into the defendant/appellant’s age, mental derangement, lack of knowledge, education or his inexperience in appellate proceedings to make certain that he is aware of the disadvantage under which he is placing himself. See Costello v. Carlisle, 413 So.2d 834 (Fla. 1st DCA 1982).
In the instant case, appellant informed the trial court both before and after the appointment of counsel that he desired to handle his own appeal. After receiving a letter from the appointed counsel confirming the appointment, appellant, without delay, filed the motion at bar with this court. Accordingly, no briefs have been filed and the appellate proceedings have not been disrupted by appellant’s request to represent himself.
We therefore relinquish jurisdiction to the trial court for thirty (30) days so that it may conduct a hearing to determine whether appellant’s waiver of counsel is a voluntary and intelligent decision.
Counsel’s motion to withdraw will be held in abeyance pending the outcome of those proceedings.
DOWNEY and WALDEN, JJ., concur.