656 So.2d 1271 (1995)
Paul Jennings HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 84838.
Supreme Court of Florida.
June 22, 1995.
Paul Jennings Hill, Starke, pro se.
*1272 Nancy A. Daniels, Public Defender and W.C. McLain, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn Snurkowski and Richard B. Martell, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant Paul Jennings Hill was charged with first-degree murder in Escambia County. Upon his motion, Hill was permitted to represent himself at the trial, together with standby counsel. Hill was convicted and sentenced to death. His appeal is now pending in this Court, and he is represented by the public defender. Hill has now moved for leave to represent himself on appeal and to discharge the public defender's office as appellate counsel. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Pursuant to our directive, the Honorable Elzie S. Sanders, Circuit Judge of the Eighth Judicial Circuit of Florida, conducted a hearing on Hill's motion. Judge Sanders found that Hill comprehends his constitutional right to assistance of counsel in the appeal process and has knowingly and voluntarily waived his right to assistance of counsel in the appeal. Judge Sanders recommended that Hill be permitted to represent himself but that the public defender continue in the case as "next friend of the court."
The principle of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), concerning self-representation is not applicable to appeals. Indeed, the Faretta court cited with approval Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Faretta, 422 U.S. at 816, 95 S.Ct. at 2531-32. In Price, the United States Supreme Court stated:
The discretionary nature of the power in question grows out of the fact that a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution and to his recognized privilege of conducting his own defense at the trial.
334 U.S. at 285, 68 S.Ct. at 1060 (citations and footnote omitted).
The transcript of the hearing clearly supports Judge Sanders' findings with respect to Hill's competency and knowing and voluntary waiver of assistance of counsel. However, this is the direct appeal of a capital case. The Court is concerned that it cannot properly carry out its statutory responsibility to review Hill's conviction and sentence of death without the skilled adversarial assistance of a lawyer acting on Hill's behalf, particularly as it concerns the sufficiency of the evidence to convict and the proportionality of the death sentence. As this Court stated in Klokoc v. State, 589 So.2d 219 (Fla. 1991), when the defendant moved to dismiss the appeal from his death sentence:
[C]ounsel for the appellant is hereby advised that in order for the appellant to receive a meaningful appeal, the Court must have the benefit of an adversary proceeding with diligent appellate advocacy addressed to both the judgment and the sentence.
Accordingly, counsel for appellant is directed to proceed to prosecute the appeal in a genuinely adversary manner, providing diligent advocacy of appellant's interests. The foregoing rulings are made without prejudice to the right of appellant to request leave to file a pro se supplemental brief setting forth his personal positions and interests with regard to the subject matter of this appeal.
Id. at 221-22 (quoting order on motion to dismiss appeal). Thus, we deny Hill's motion. Because this is a capital case, we will permit Hill to file a pro se supplemental brief on or before the time within which his attorney's brief shall be filed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.