675 So.2d 194 (1996)
John A. DAGOSTINO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2453.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
*195 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previously issued opinion and substitute the following in its place.
We affirm the appellant's convictions and sentences. However, we write to address appellant's attorney's motion for leave to file a supplemental initial brief, which we deny. Appellant's attorney has simply requested that we accept appellant's pro se brief as a supplemental brief. We have previously denied the appellant's pro se motion to file the same brief.
An indigent criminal defendant is entitled to be represented on appeal by counsel when the appeal is as of right. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Moreover, the assistance of counsel must be effective assistance of counsel. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). However, an attorney is not required to raise every nonfrivolous issue requested by the client. "Neither Anders [Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)] nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones, 463 U.S. at 751, 103 S.Ct. at 3312. Compelling counsel to raise every nonfrivolous issue that the client directs "seriously undermines the ability of counsel to present the client's case in accord with counsel's professional evaluation." Id.
When a case is appealed and the defendant is represented by counsel, the defendant does not have an absolute right to participate and represent himself on appeal. This is a matter that is within the discretion of the appellate court. Hooks v. State, 253 So.2d 424, 427 (Fla.1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972); Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968); Bennett v. State, 389 So.2d 1225 (Fla. 5th DCA 1980). In Bennett, the court denied the appellant's motion to dismiss his court-appointed counsel. The public defender did not oppose the motion and contended that appellant had an absolute right to represent himself, citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The fifth district disagreed. It noted that had the appellant requested the right to represent himself from the outset and *196 demonstrated his ability to do so, Faretta might require a different result. Bennett, 389 So.2d at 1225. But where he had received the benefit of representation of counsel, there is no duty on the court to permit him to represent himself, nor a corresponding duty of the public defender to withdraw, simply on request of the defendant. "A criminal appellant cannot have his appointed counsel discharged at his whim, especially after the appellant's work has been done and the case is about ready for disposition."[1]Id. at 1226.
We recognize counsel's wish to accommodate the client by filing a motion to include the appellant's pro se brief. Nevertheless, if we are to continue to rely on the professional judgment of the attorneys of the public defender's office and to resolve these appeals in some orderly process, we also must caution that the filing of pro se briefs after the public defender has briefed the case does not aid in that process, even with the attorney's consent. In Cave v. State, 476 So.2d 180 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986), the court stated:
[T]he attention of counsel in this case and others appearing before this Court is invited to Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), and the authorities cited therein on the professional duty of appellate counsel to winnow out weaker arguments in order to concentrate on key issues. We have noted an increasing tendency in death penalty cases toward longer briefs with more issues which submerge and dilute arguably meritorious issues. It is not clear whether this trend results from client pressure to raise every conceivable issue or from counsels' fears that omission of any conceivable issue will constitute ineffective assistance of counsel. It is clear that neither the interests of the client nor the judicial system are served by this trend toward hybridization of pro se, Anders (Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) and professional briefs. In this respect, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which recognizes the authority and duty of counsel to exercise professional judgment in representing clients.
Id. at 183 n. 1. The same reasoning applies to noncapital cases.
We add that we have a very high regard for the Public Defender's office in this District and the quality of the representation which they furnish to the indigent appellants they serve. Our action here is to reinforce that confidence, not to undermine it. Accepting pro se briefs as supplemental briefs once the public defender has filed a brief in the cause would weaken the constitutional right to counsel afforded to all indigent criminal appellants.
POLEN and PARIENTE, JJ., concur.
NOTES
[1] This would apply to the public defender's concern that their office may have to withdraw where an appellant wishes to file a motion for rehearing which is not agreed to by the public defender. We conclude that the public defender has no obligation to withdraw, and under Bennett and Powell we are not required to grant any such motion.