780 So.2d 131 (2000)
James GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3578.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
*132 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
No appearance for appellee.

ON MOTION FOR RELINQUISHMENT OF JURISDICTION
KLEIN, J.
Appellant, who represented himself in the trial court, was convicted and sentenced to fifty-seven months in prison. The public defender appointed to represent him on appeal has filed a motion for us to relinquish jurisdiction so that the trial court can conduct a Faretta hearing, in order for appellant to represent himself on appeal. We grant the motion to relinquish.[1]
Although we would normally not publish our order on this type of motion, we have concluded that a recent clarification of Faretta should be addressed. In Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), the Supreme Court resolved an issue on which there has been confusion and conflict: whether Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which holds that criminal defendants have a constitutional right not to be represented by counsel in the trial court, applies to appeals. The Court held that Faretta does not apply to appeals, that self-representation is within the discretion of appellate courts, and that states would determine whether such a right exists under their own constitutions.
Article I, § 16 of the Florida Constitution, entitled "Rights of accused and of victims," provides in part:
(a) In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.
Prior to Martinez, the Florida Supreme Court had concluded that Faretta was not applicable to appeals. In Hill v. State, 656 So.2d 1271 (Fla.1995), the defendant sought to represent himself on appeal. Even though the trial court found Hill competent to represent himself after a hearing, our supreme court, emphasizing that this was a capital case, denied Hill self-representation. It did permit him to file a pro se supplemental brief. The Florida Supreme Court did not discuss the Florida Constitution in Hill, but, in the absence of any authority to the contrary we conclude that the Florida Constitution does not require us to allow criminal appellants to represent themselves on appeal.
The most comprehensive opinion we have found on whether a criminal appellant should be permitted to proceed unrepresented by counsel is People v. Scott, 64 Cal.App.4th 550, 75 Cal.Rptr.2d 315 (1998). Scott discusses most of the significant state and federal decisions involving self-representation on appeal. Almost all of the courts which have granted self-representation on appeal have done so because of uncertainty about whether the United States Supreme Court would extend Faretta to the appellate process. See e.g., Bennett v. State, 389 So.2d 1225 (Fla. 5th DCA 1980). In Bentley v. State, 415 So.2d 849 (Fla. 4th DCA 1982), we recognized *133 that an appellant had the right of self-representation, relying on Bennett.
One of the points made by the Scott court was that there is a substantial difference between a trial and an appeal in that the trial is essentially a fact finding process, while the prosecution of an appeal requires the raising of legal issues. The personal input of the defendant is far more significant at trial, accordingly, than on appeal. Scott, 75 Cal.Rptr.2d at 327.
Another point made by the Scott court was based on a dissent:
While we can say that it is the inmate's problem that he finds himself without adequate resources to research and write an effective brief, the true result more likely will be that when an appellate judge reads an incomprehensible pro se brief, that judge will be forced, out of conscience, to wear two hats-that of judge and that of advocate-in order to assure the integrity of our reviewing function. [Fn. omitted.] This will also be true of our law clerks doing research and preparing bench memos, when issues and cases have not been adequately briefed. Do we have the resources to do this and is it appropriate for us to do so?
State v. Seifert, 423 N.W.2d 368, 378 (Minn.1988)(Wahl, J., dissenting). The Scott court concluded that allowing self-representation, when competent appellate counsel are provided, would be an unwise use of "scarce judicial resources, which is a perennial concern of the courts." Scott, 75 Cal.Rptr. at 325.
Under Faretta a defendant has the right to proceed without counsel in the trial court by demonstrating that he is knowingly and intelligently waiving the right. As our supreme court noted in Hill v. State, 688 So.2d 901, 905 (Fla.1996), "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." Because a defendant is not required to demonstrate the ability to effectively represent himself under Faretta, self-representation on appeal is, in our opinion, more likely to result in a miscarriage of justice than if defendant were represented. It has been said that, of all rights guaranteed to an accused person, the right to counsel is the most significant. United States v. Cronic, 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). That certainly apply to appeals.
In Faretta, the Supreme Court, after recognizing how important it was to have counsel, concluded that forcing a lawyer on an unwilling defendant "can only lead him to believe that the law contrives against him." Faretta, 422 U.S. at 834. Although we have given serious consideration to the policy behind Faretta, our fear of affirming a conviction which should be reversed leads us to conclude that we should continue to use discretion in allowing self-representation on appeal.
In the present case appellant has, on his own, filed the notice of appeal, statement of judicial acts to be reviewed, motion for transcript of his trial, directions to the clerk, and a request for oral argument. He has also written a letter to the public defender asking her to raise specific issues on this appeal, and to withdraw if she is unwilling to do so, so he can represent himself. He also has stated that he is trained as a paralegal.
In light of appellant's demonstrated knowledge we exercise our discretion in this case to allow appellant to represent himself, assuming that he waives the right to counsel. We therefore grant the motion to relinquish for the trial court to conduct the same type of hearing which it would conduct if appellant were seeking to represent himself in the trial court.
In concluding, we cannot refrain from advising appellant, and others who are considering representing themselves, that the representation by the appellate lawyers in the public defender's office in this district is of the highest caliber. In rejecting representation they may, as one writer *134 has put it, be shooting themselves in the foot.[2]
HAZOURI, J., concurs. WARNER, C.J., dissents with opinion.
WARNER, C.J., dissents with opinion.
WARNER, C.J., dissenting.
Article I, Section 16(a) of the Florida Constitution, quoted in the majority's opinion, is derived from the 1885 version of the Constitution. See § 11, Fla. Const. (1885) (Declaration of Rights). The question is whether this language includes the right to be heard in person on appeal.
The courts of this state have frequently held that a defendant has no absolute right to participate and represent himself on an appeal. Whether to allow such pro se representation is within the discretion of the court. See Hooks v. State, 253 So.2d 424, 427 (Fla.1971) (citing Powell v. State, 206 So.2d 47 (Fla. 4th DCA 1968)); Dagostino v. State, 675 So.2d 194, 195 (Fla. 4th DCA 1996). In Powell, the court specifically addressed the constitutional provision, although it was within the context of dual representation, as the public defender in that case had already filed a brief on behalf of Powell. This was also the factual scenario in both Hooks and Dagostino. However, in Bentley v. State, 415 So.2d 849, 850-51 (Fla. 4th DCA 1982), where the request to discharge counsel was made prior to any briefs being filed, this court acknowledged that there was a constitutional right to self-representation on appeal, although subject to some limitations:
[O]bviously an appellant who is not indigent but who does not wish to pay an attorney cannot be prevented from representing himself on appeal. Likewise, a person who is entitled, because of his indigent status, to a court-appointed attorney, cannot be forced to accept the services of that attorney. (This of course does not mean that an indigent defendant can demand, absent a showing of incompetency, other court-appointed counsel, or, as in Bennett, supra, to represent himself after his attorney had filed a brief.) Nevertheless, prior to an effective waiver of court-appointed appellate counsel, it must be determined that the defendant/appellant's decision to represent himself is intelligent and voluntary.
The court did not refer to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), although the reference to Bennett v. State, 389 So.2d 1225 (Fla. 5th DCA 1980) presumes that the court was considering the application of that case. Thus, our own case law is not clear as to the scope of the right to self-representation on appeal.
Reviewing the file in this case, the appellant, on his own, has already filed the notice of appeal, statement of judicial acts to be reviewed, motion for transcription of his trial, directions to the clerk, and a request for oral argument. It is apparent that he has more than a passing understanding of court procedure. He has also filed a motion to be declared indigent and for appointment of the public defender. Yet he has written a letter to the public defender asking her to raise certain issues on this appeal, and if she cannot, then he has asked her to withdraw so that he can represent himself, as he is trained as a paralegal. It is unclear from the public defender's motion to withdraw whether she has refused to raise the issues requested by the appellant.
Based upon the foregoing, I would deny the motion to relinquish, but I do so on the ground that it is not clear from the record that the appellant is actually rejecting the representation that he is entitled to receive or that he is requesting that he be allowed to represent himself. If he were, *135 I would take the second step and determine whether his rejection of counsel is knowing and intelligent, because his submissions indicate that he understands enough regarding the law and procedure to represent himself. I do not believe that it is the role of this court to force representation on an unwilling appellant.
NOTES
[1] We disagree with Judge Warner as to whether the record supports our relinquishing jurisdiction. We assume that the public defender would not have moved for relinquishment to conduct a Faretta hearing unless the appellant had advised the public defender that he wanted to represent himself on this appeal.
[2] Decker, The Sixth Amendment Right to Shoot Oneself in the Foot: An Assessment of the Guaranty of Self-Representation Twenty Years after Faretta, 6 Seton Hall Const. L.J. 483, 598 (1996). Appellant should also be advised that oral argument, which he has requested, is discretionary with the court. Fla.R.App.P. 9.320.