POLEN, J.
Following a thorough and valid Faretta[1] hearing, James Edward Jones represented himself at trial and was convicted by a jury of strong-armed robbery, as charged. He then filed this pro se appeal in which he raises 10 points. Although we affirm as to all issues raised, we write only to note how Jones’ election to forego representation by counsel may have effectively precluded him from introducing into evidence certain matters that a knowledgeable attorney may have been able to get admitted.
Specifically, the court would not allow Jones to question the victim as to whether he (the victim) had ever been convicted of a felony, holding that Jones must have certified copies of any convictions before the question could be posed. Jones did not specify that he wanted to ask the victim only about such crimes committed within the previous 10 years. Rather, Jones’ proffer referred to all crimes for which the victim had been either arrested or convicted, some of which were almost 30 years old. Had Jones tailored his request, and/or proffered that the questions were relevant to show the victim may have made a plea agreement or other deal with the state, see § 90.608(2), Fla. Stat. (1997), Livingston v. State, 678 So.2d 895, 898 (Fla. 4th DCA 1996), he would have preserved for appeal the propriety of the court’s denial of such evidence. Nevertheless, because his request encompassed some crimes so remote in *768 time, we must affirm the court’s discretion in limiting his examination. See § 90.610(1), Fla. Stat. (1997).
In like vein, he maintains that certain comments made by the state in closing argument constitute fundamental error. While we hold that such comments do not rise to the level of fundamental error, we cannot speculate as to what the outcome would have been had contemporaneous and specific objections to such comments been made. Unlike Jones, a knowledgeable attorney would have known that many of these comments were objectionable and, thus, would have preserved for review any such errors by so objecting.
While we fully recognize the right of criminal defendants to represent themselves at trial,[2] as this court noted in Grant v. State, No. 4D99-3578, — So.2d -, 2000 WL 668923 (Fla. 4th DCA May 24, 2000), in rejecting representation such defendants may “be shooting themselves in the foot.”
AFFIRMED.
KLEIN and HAZOURI, JJ., concur.

. Faretta v. California, 422 U.'S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. There is no concomitant right to self-representation on appeal. Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); Hill v. State, 656 So.2d 1271 (Fla.1995).