*472 ON MOTION TO WITHDRAW
SCHWARTZ, Chief Judge.
The defendant appellant Jerry Robinson has filed an objection to being represented by his appointed attorney, the public defender for the Eleventh Circuit, and an accompanying request to represent himself in this criminal appeal. In turn, the public defender has in essence adopted Robinson’s position by filing the motion to withdraw as his counsel which is now before the court. Because of the potential conflicts between Robinson’s best interests and his own wishes and those of his attorney, we had the good sense to appoint Karen M. Gottlieb as a special assistant public defender to represent Robinson and to advise the court. Because the response submitted by Ms. Gottlieb so completely and accurately summarizes the law applicable to the present conundrum and recommends a course with which we entirely agree, we adopt the pertinent portions of the response as the opinion of this court:
1. On January 12, 2000, the Supreme Court of the United States held that a criminal defendant’s right to self-representation does not extend to appellate proceedings. Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). Distinguishing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in which the Court recognized the constitutional right to proceed without counsel at trial, the Court found that the three bases for the Faretta holding do not compel extension of the self-representation right to the appellate context.
First, historical evidence does not provide support for an affirmative constitutional right to appellate self-representation, since at common law there was no right to appeal in criminal cases and the right of appeal in this country is “of relatively recent origin.” 528 U.S. at -, 120 S.Ct. at 689. Second, the Sixth Amendment premise of Faretta is inapplicable since there is no right to appeal emanating from that amendment; rather, the appellate right is derived from statute. Id. at 690. The only basis of Faretta found pertinent to an appellant seeking to proceed without counsel is “respect for individual autonomy.” Id. As to this consideration, the Court observed:
On appellate review, there is surely a similar risk that the appellant will be skeptical of whether a lawyer, who is employed by the same government that is prosecuting him, will serve with undivided loyalty. Equally true on appeal is the related observance that it is the appellant personally who will bear the consequences of the appeal.
Id.
But as the Sixth Amendment is inapplicable to appellate proceedings, any right to self-representation on appeal would have to be predicated on the Due Process Clause. The Court, after balancing the autonomy interests of the appellant against the government’s interests in ensuring the integrity and efficiency of the appeal, concluded that self-representation is not a necessary component of a fair appellate proceeding:
Considering the change in position from defendant to appellant, the autonomy interests that survive a felony conviction are less compelling than those motivating the decision in Far-etta. Yet the overriding state interest in the fair and efficient administration of justice remains as strong as at the trial level. Thus, the States are clearly within their discretion to conclude that the government’s interests outweigh an invasion of the appellant’s interest in self-representation.
Id. at 692.
The Court noted that states remain free to recognize a right of appellate self-representation under their own constitutions, and that appellate courts retain discretion to permit self-representa *473 tion just as they exercise discretion in deciding whether to permit an appellant to be present during appellate proceedings, to present oral argument, or to file pro se pleadings. Id.
2. Even prior to Martinez, the Supreme Court of Florida held that “[t]he principle of Faretta v. California concerning self-representation is not applicable to appeals.” Hill v. State, 656 So.2d 1271, 1272 (Fla.1995) (citation omitted).[1]
3. In light of the law on appellate self-representation, the Assistant Public Defender’s initial communication to appellant was misguided. That initial letter, dated May 2, 2000, suggests the necessity for appellant’s consent to appellate representation by the public defender.
But an order appointing the Public Defender for appeal had been entered by the trial court on April 25, 2000. Counsel’s obligation was to represent appellant on appeal, not to solicit appellant’s consent to representation.
4. In the pro se pleading filed in Circuit Court by the appellant, the only basis for objecting to appointed counsel is the assertion of the constitutional right to self-representation. (Appendix A to Assistant Public Defender’s Motion to Withdraw at 11). As discussed above, there is no such right. Additionally, since there was no hearing on this motion, there has been no inquiry by the trial court regarding whether appellant comprehends the right to assistance of counsel in the appellate process and has knowingly and voluntarily waived this right. See Hill v. State, 656 So.2d at 1272; Grant v. State, No. 4D99-3578, 2000 WL 668923, *3, — So.2d -, - (Fla. 4th DCA May 24, 2000).[2]
5. The pro se pleading filed by appellant in this Court is essentially informational; appellant advises the Court that he does not want an appellate attorney to represent him and has consistently refused counsel. (Appendix B to Motion to Withdraw at 1-2). There is no suggestion of any specific conflict with appointed counsel.
6. The Motion to Withdraw, filed by the Assistant Public Defender during the pendency of the appellant’s pro se pleading, seeks to withdraw due to appellant’s lack of trust in the Public Defender’s Office and desire to represent himself. (Motion to Withdraw at 4-5). As discussed above, this “autonomy” ground was duly considered by the Martinez Court and found to be an insufficient basis for a constitutional right to self-representation. Martinez, 528 U.S. at -, 120 S.Ct. at 692. Additionally, the Court specifically explained that “[t]he requirement of representation by trained counsel implies no disrespect for the individual inasmuch as it tends to *474 benefit the appellant as well as the court.” Id.
7. Counsel’s Motion to Withdraw also questions whether a public purpose is served by counsel’s representation when appellant does not desire it and whether such representation is consistent with counsel’s obligations to other clients. (Motion to Withdraw at 5). But the Supreme Court has pointed out that even ineffective assistance by appellate counsel is likely “more effective than what the unskilled appellant could have provided for himself.” Martinez, 528 U.S. at -, 120 S.Ct. at 691. And as the Fourth District recently observed, because a prisoner is without adequate resources to research and write an effective brief, allowing self-representation when competent appellate counsel is available is an unwise use of judicial resources as it imposes an unnecessary burden on the appellate court. Grant v. State, 2000 WL 668928 at *2, — So.2d at-.
In terms of public policy, then, representation by counsel who can research and present appellate briefs in accordance with the rules, and can appear at and present oral argument in the appellant’s behalf, serves the interests of the appellant in advocating all available arguments for reversal at every possible opportunity. At the same time, representation by counsel serves the interests of the state in ensuring fair and effective appellate review and averting undue administrative burdens on the courts. See generally People v. Scott, 64 Cal.App.4th 550, 561-70, 75 Cal.Rptr.2d 315, 322-28 (Cal.App. 2 Dist.1998), cert. denied, — U.S. -, 120 S.Ct. 931, 145 L.Ed.2d 811 (2000).
8. While the appellate court apparently retains discretion to permit self-representation, see Grant v. State, 2000 WL 668923 at *2, — So.2d at -; Jones v. State, 765 So.2d 767 (Fla. 4th DCA 2000), the Motion to Withdraw which is ' before the Court fails to establish a disabling ethical conflict between appellant and the Office of the Public Defender.
We therefore deny the public defender’s motion to withdraw. In accordance with the representations in his candid reply to Ms. Gottlieb,[3] we direct that the presently assigned assistant public defender proceed with the appeal in accordance with the applicable rule. We will consider any motion to allow the appellant to file a supplemental pro se brief on its merits. See Dagostino v. State, 675 So.2d 194, 195 (Fla. 4th DCA 1996), review denied, 683 So.2d 482 (Fla.1996); Erickson v. State, 565 So.2d 328, 334 (Fla. 4th DCA 1990), review denied, 576 So.2d 286 (Fla.1991).
Motion to withdraw denied.

. Hill was a capital case in which the appellant filed a motion in the Supreme Court of Florida for leave to discharge the public defender and to proceed pro se. The court initially directed the lower court to conduct a hearing on the motion, at the conclusion of which the lower court found that the appellant understood his right to counsel on appeal and was knowingly and voluntarily waiving that right. Nonetheless, since this was a capital appeal, the Supreme Court denied the motion to discharge counsel, granting appellant instead the right to file a pro se supplemental brief. The court expressed its concern that it could not properly perform its statutory obligation of review without the skilled assistance of an adversary acting in the appellant’s behalf. 656 So.2d at 1272.

. In Grant, the public defender filed a motion to relinquish jurisdiction for a hearing on the question whether the appellant understood and wished to waive the right to appellate counsel. The Fourth District, after concluding that there was no right of self-representation on appeal under the Florida Constitution, decided that it retained discretion to permit self-representation. The court granted the motion to relinquish after recognizing both the "demonstrated knowledge” of the appellant as reflected in his pro se filings before the court and his representation that he was a trained paralegal. 2000 WL 668923 at *3, -So.2d at -.

. The Public Defender’s motion to withdraw does not contend that there is a disabling ethical conflict between defendant and the Public Defender's Office or between defendant and the Assistant Public Defender assigned to handle his appeal. Indeed, at present, aside from defendant’s desire to represent himself, there is no conflict of any kind. If the motion is granted, the appeal will proceed as the Court directs, without the Public Defender; if the motion is denied, the Assistant Public Defender who moved to withdraw will proceed with the appeal, after assuring the defendant that he did what he could to enable the defendant to represent himself.