[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 7, 2010
JOHN LEY
ACTING CLERK

_____

No. 07-15857

_____

D.C. Docket No. 05-00487-CV-J-33-MCR

MICHAEL HITCHCOCK,

                                                    Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL STATE OF FLORIDA,

                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 7, 2010)

Before MARCUS and HILL, Circuit Judges, and VOORHEES,* District Judge.

_____

*Honorable Richard L.Voorhees, United States District Judge for the Western District of
North Carolina, sitting by designation.

HILL, Circuit Judge:

Michael Hitchcock appeals the dismissal of his petition for habeas corpus relief, asserting that the district court erred in holding certain of his claims to be defaulted from federal review. For the following reasons, we agree.

I.

Michael Hitchcock was convicted of sexual battery and his direct appeal was denied. His counseled state habeas petition, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, asserted five claims of ineffective assistance of counsel, the first of which included twelve sub-claims.[1] Following an evidentiary hearing, the state trial court denied relief.

Hitchcock's counsel appealed and filed his initial brief in the First District Court of Appeals of Florida (the "First DCA"). One month later, and prior to the State's response, Hitchcock filed a *pro se* motion styled "Request for Stay of Proceedings and Leave to File Supplement[al] Initial Brief" (the "Supplemental Motion") in which he asserted the following: his counsel did not provide him with a copy of the brief before filing it; his counsel's brief failed to raise several of the claims raised in the 3.850 motion; he had demanded by letter that his counsel file a supplemental brief asserting all claims raised and ruled upon in the Rule 3.850

[1]There were actually three 3.850 motions; the others were amended versions.

2

motion; and counsel had refused to do so. Hitchcock's motion adopted by reference his Rule 3.850 motion and the transcript of the evidentiary hearing held on the motion. Hitchcock's motion sought leave from the Florida First DCA, which had jurisdiction over his appeal, to either file the supplemental brief asserting the omitted claims *pro se*, or for an order directing his counsel to do so.

The First DCA denied Hitchcock's motion, without comment except to cite to *Dagostino v. State*, 675 So.2d 194 (Fla. 4th DCA 1996), in which the Fourth DCA held that it had the discretion in a *direct appeal* to reject an appellant's *pro se* filing when the appellant was represented by counsel.

Subsequently, Hitchcock, *pro se*, filed the instant habeas petition, in which he sought to raise all the 3.850 claims that the state trial court denied, including those his 3.850 counsel refused to appeal and which the First DCA refused to allow him to appeal *pro se*. The district court dismissed the petition with prejudice, holding, *inter alia*, that the 3.850 claims that Hitchcock's counsel had refused to appeal had not ben exhausted in state court.[2] Since those claims would now be procedurally barred in state court, the district court held that they were defaulted from federal habeas review.

---

[2]The district court considered on the merits and denied the claims that were raised on appeal by Hitchcock's 3.850 counsel and denied by the First DCA.

3

Pursuant to 28 U.S.C. § 2253(c), we granted a certificate of appealability on the following issue:

> Whether the district court properly dismissed [Hitchcock's claims] as procedurally defaulted for Hitchcock's failure to fairly present them in state court, where Hitchcock raised those claims in his state habeas petition, instructed counsel to appeal the state trial court's denial of those claims, and requested permission from the state appellate court to file a *pro se* supplemental brief raising the claims counsel refused to raise in the initial brief. *See Clemmons v. Delo*, 124 F.3d 944, 948-49 (8th Cir. 1997).[3]

## II.

Where a state habeas petitioner asserts a claim that was not considered on its merits by the state court, either on direct appeal or on collateral attack, he has not exhausted that claim as required by 28 U.S.C. § 2254(b) and (c). *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Where any further attempt to exhaust that claim in state court would be futile because a state rule of procedure now bars consideration of that claim, the claim is "procedurally barred" in state court and may be "procedurally defaulted" in federal court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . .

---

[3]We appointed counsel for the purpose of oral argument.

. there is a procedural default for purposes of federal habeas . . .").  Claims asserted in a federal habeas petition, but which are procedurally barred in state court, are precluded from federal review.  *Id.*

Not *all* claims that are procedurally barred in state court, however, are precluded from federal review.  In order for a claim to be procedurally defaulted in federal court, the state court rule of procedure barring state court review must be both "independent of the federal question and adequate to support the [state-court] judgment."  *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009) (quoting *Coleman*, 501 U.S. at 729); *see also Harris v. Reed*, 489 U.S. 255, 260 (1989).  Furthermore, the independence and adequacy of the state rule of procedure that bars federal habeas review "is *itself* a federal question."  *Lee v. Kemna,* 534 U.S. 362, 375 (2002) (emphasis added) (quoting *Douglas v. Alabama*, 380 U.S. 415, 422 (1965).  "[F]ederal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds."  *Cone*, 129 S. Ct. at 1780 (quoting *Coleman*, 501 U.S. at 736).

In order to be "adequate" to bar federal habeas review of a  constitutional claim, the state procedural rule must be "firmly established and regularly followed."  *James v. Kentucky*, 466 U.S. 341, 348-49 (1984); *Payne v. Allen*, 539 F.3d 1297, 1312-13 (11th Cir. 2008).  The state's application of a procedural bar

"must be faithfully and regularly applied, and must not be manifestly unfair in its treatment of a petitioner's federal constitutional claim." *Card v. Dugger*, 911 F.2d 1494, 1516-17 (11th Cir. 1990) (citation and quotation omitted). The faithful and regular application of a firmly established rule provides the due process notice necessary for the application of the rule to bar federal review of a claim raised in violation of the rule. *Lee*, 534 U.S. at 389. Ordinarily, violation of such "firmly established and regularly followed" state procedural rules will be adequate to foreclose review of the federal claim. *Id.*

The Court has instructed us to disregard, however, state procedures that are neither firmly established nor regularly followed. In two cases, where the rule asserted to bar state court review was not codified, the Court refused to find the rule adequate to bar federal review. *James*, 466 U.S. at 351 (reversing dismissal of claim where barred by Kentucky case law rule requiring request for "admonition" rather than "instruction"); *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457-58 (1958) (reversing dismissal of claim barred by Alabama case law rule requiring review by mandamus rather than the requested certiorari). In *James*, the rule, was not "clear," 466 U.S. at 346, and in *Patterson*, the "petitioner could not fairly be deemed to have been apprised of [the rule's] existence." 357 U.S. at 457.

6

Furthermore, the Court has instructed that a rule is not "regularly followed" if it is not consistently applied and enforced. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); *see also Maples v. Allen*, 586 F.3d 879, 888 (11th Cir. 2009). A state rule that is applied in an "arbitrary or unprecedented fashion," is *not* adequate to bar federal review. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). Finally, there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate" to bar adjudication of the federal claim. *Lee*, 534 U.S. at 376 (citing *Davis v. Wechsler*, 263 U.S. 22, 24 (1923)).

The refusal of the First DCA to permit the *pro se* filing of Hitchcock's federal claims omitted by counsel from his appeal of the 3.850 motion satisfies none of the requirements for an "adequate" or "independent" state ground of decision. First, at the time Hitchcock filed his Supplemental Motion, there was no Florida Rule of Appellate Procedure, no published internal operating procedure in the First DCA, and no published district court of appeals opinion forbidding a *pro se* brief in Hitchcock's circumstances. The Florida Supreme Court had not promulgated a Florida Rule of Appellate Procedure prohibiting or otherwise addressing the Florida intermediate appellate courts' consideration of *pro se* briefs

filed on direct or collateral appeal by persons represented by counsel.[4] Nor had any of the Florida district courts of appeal included such a rule within their published Internal Operating Procedures. Nor was there a single published opinion by a Florida district court dating prior to March 2004 (when Hitchcock filed his motion in the state court) in which a Florida district court denied a motion for leave to file a *pro se* brief filed by an appellant with counsel in a post-conviction appeal.

The First DCA's citation of *Dagostino* is not to the contrary. In *Dagostino*, the Fourth DCA held only that it had discretion to reject a *pro se* pleading filed in a *direct appeal* where appellant was represented by counsel. 675 So. 2d at 195. In *Whitfield v. State*, 517 So. 2d 23, 23-24 (Fla. 1st DCA 1987), the First DCA itself recognized that such an appellant would not be denied the opportunity to assert his ineffective assistance of counsel claims because he could do so later in a 3.850 motion. The Florida court said that "[i]f the issue is viable, appellant's remedy, as he recognizes in his motion, lies in collateral proceedings, alleging ineffective assistance of appellate counsel." *Id.* The First DCA's citation to *Dagostino,* then,

---

[4]In *Davis v. State*, 789 So. 2d 978, 981(Fla. 2001), the Florida Supreme Court adopted a rule that it would accept *pro se* briefs submitted by persons with counsel only under certain limited circumstances. The rule, however, expressly was not applied to the district courts of appeal. The Florida Supreme Court noted that all Florida appellate courts had discretion to determine whether they would accept *pro se* briefs. *Id.*

8

did not apply a firmly established rule prohibiting *pro se* briefs by counseled appellants in Florida 3.850 proceedings. Nor, of course, was it even binding on the First DCA, which denied Hitchcock's motion.

What was binding on the district court, however, is the Fifth Circuit's holding in *McBride v. Estelle*, 507 F.2d 903, 904 (5th Cir. 1975), that a petitioner's filing of a supplemental *pro se* brief in addition to the brief filed by counsel was presentation enough to satisfy the jurisdictional requirements of § 2254.[5] In *McBride*, the Fifth Circuit held that submission of a *pro se* brief by the petitioner in the state court "supplemental to one filed by counsel" was "'presentation' . . . . enough to satisfy the jurisdictional requirements of § 2254." *Id.* at 904 (affirming dismissal on other grounds). *See also Kifer v. Uchtman*, 165 Fed. Appx. 465, 467-69 (7th Cir. 2006) (*pro se* motion to supplement qualifies as fairly presenting claim and "this determination is consistent with the decision of every court of appeals to address similar circumstances"); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) ("A petitioner may satisfy the exhaustion requirement by presenting his federal claim in a *pro se* supplemental brief, even if he has an attorney").

The State cites absolutely *no* authority for its repeated assertion that the First DCA has a rule prohibiting the filing of *pro se* briefs and consideration of

---

[5]The State acknowledges, but does not discuss, this binding precedent.

them on the merits.  The only Florida cases cited in its brief, at all, are *Dagostino*, which is a Fourth DCA case, and *Davis*, a Florida Supreme Court case, which Hitchcock concedes has such a rule.  Every other case in its brief is from a federal circuit court of appeals.  Even if a federal case could establish that Florida has such a firmly established and regularly followed rule – which it could not – most of the cases are from other circuits.

Furthermore, assuming *arguendo* that *Dagostino* did apply a "rule" barring *pro se* briefs in counseled appeals, such a rule had not been "regularly followed" by the Florida district courts of appeals prior to March 2004, even in direct appeals.  *See*, *e.g.*, *Erickson v. State*, 565 So. 2d 328, 334-37 (Fla. 4th DCA 1990) (reversing lower court on basis of issue raised in "pro se supplemental brief" but not raised in appellant's counsel's brief); *Barclay v. Singletary*, 642 So. 2d 583, 585-86 (Fla. 3d DCA 1994) (holding barred on motion for post-conviction relief claims raised in prior *pro se* brief filed on direct appeal while represented by counsel).[6]

Furthermore, in the case cited to us by the panel that granted the certificate

---

[6]We do not imply that a DCA's firmly established rule that it has the *discretion* to reject *pro se* pleadings from counseled petitioners would not be an adequate state ground to bar federal review.  *See Beard v. Kindler*, 130 S. Ct. 612, 618 (2009).  Here there was *no* First DCA rule, and the Fourth DCA's rule *prohibited* such briefs, but was not consistently applied by Florida's intermediate appellate courts, even in the Fourth District.

10

of appealability, the Eighth Circuit, on facts virtually identical to those in this case, held that a petitioner's federal habeas petition claim was not procedurally barred even though that claim had been raised only in a *pro se* brief that the Missouri Supreme Court refused to accept on the grounds that he was represented by counsel. *Clemmons v. Delo*, 124 F.3d 944, 947 (8th Cir. 1997). In reversing the district court on this issue, the court said:

> No rule of court or reported Missouri case of which we are aware specifies the circumstances under which Missouri appellate courts allow pro se briefs. A state procedural rule must be regularly adhered to if it is to be an adequate state ground supporting a procedural bar. Sometimes Missouri courts allow pro se briefs, and sometimes they do not. That is their prerogative. But in the absence of regularly applied criteria, the decision not to allow such a brief cannot be said to rest on a regularly applied rule of state procedural law.

*Id.* at 948 n.3 (internal citation omitted).

In a similar 2006 case, the Eighth Circuit reversed another district court's finding of procedural default, finding that "the state has not demonstrated that since our decision in *Clemmons* the Missouri Supreme Court has provided a clear and ascertainable rule." *Winfield v. Roper*, 460 F.3d 1026, 1036-37 (8th Cir. 2006). The court urged the Missouri Supreme Court to formally codify a rule regarding *pro se* briefs from counseled appellants. *Id.* at 1037 n.5.

The Eighth Circuit later distinguished *Clemmons* in upholding a district

11

court finding of procedural default based on a *pro se* filing in a Missouri appellate court, because, unlike the Missouri Supreme Court, the intermediate Missouri appellate courts *did* have published rules prohibiting the filing of *pro se* briefs by counseled appellants. *See Hall v. Luebbers*, 296 F.3d 685, 695 (8th Cir. 2002).

Finally, even if there were a Florida DCA rule prohibiting *pro se* briefs by counseled petitioners, its application on the facts of this case would be "exorbitant," *see Lee*, 534 U.S. at 376, and pointlessly severe. *See NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964). Hitchcock did everything he could to exhaust his federal claims in the state courts. Rejection of them now would work an injustice.

### III.

No DCA had a rule prohibiting *pro se* briefs by counseled appellants at the time Hitchcock filed his motion. The First DCA did not cite binding authority for its rejection of his motion. In light of the failure of the Florida courts of appeals to have a firmly established and regularly applied rule prohibiting such briefs at the time Hitchcock filed his supplemental motion, we hold that the Florida judgment dismissing the 3.850 claims does not rest on an adequate state rule of decision and that, therefore, Hitchcock's federal claims are not barred from our review.

REVERSED AND REMANDED for further proceedings not inconsistent with the opinion.

12